## BYRNES v ECONOMIC MACHINERY COMPANY

1. JUDGMENT—SUMMARY JUDGMENT—AFFIDAVITS.

A trial judge, in deciding a motion for summary judgment, is not limited to consideration of the affidavits of the parties, but may consider depositions, pleadings, and other evidence in the record.

2. PRODUCTS LIABILITY—SUMMARY JUDGMENT.

A genuine issue of fact as to defendant manufacturer's negligence and breach of warranty is presented where plaintiff is responsible for adjustment of a complex machine made by defendant, requiring plaintiff to remove a guard over moving parts and adjust these parts repeatedly between short periods of operation of the machine until proper operation is achieved; the machine is controlled by an operator whose position behind a control panel makes it difficult to see plaintiff while he is adjusting the machine; defendant knows that such constant maintenance will be required, does not install a safety device to prevent injury during such maintenance or warn of the danger involved, and plaintiff is injured while adjusting defendant's machine in a manner approved by defendant when plaintiff's supervisor orders another worker to start the machine while plaintiff is working on it.

3. PRODUCTS LIABILITY—SAFETY DEVICE—RISK OF INJURY—MISUSE OF PRODUCT.

A manufacturer has a duty to provide safety devices on his product where use of the product or a misuse reasonably to be anticipated will create a foreseeable and unreasonable risk of injury.

4. PRODUCTS LIABILITY—NEGLIGENCE—LATENT DEFECT.

The presence of a latent defect in a product is not necessary to a

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 41 Am Jur, Pleading §§ 340–343.
[3, 5] 63 Am Jur 2d, Products Liability § 26.
[4] 57 Am Jur 2d, Negligence § 109.
[6, 7] 57 Am Jur 2d, Negligence § 282.

finding of negligent manufacture, but it bears on the question of the reasonableness of the risk to which a user of the product is exposed.

5. PRODUCTS LIABILITY—INEFFECTIVE SAFETY DEVICE.

A manufacturer's liability for injury resulting from use of its product can be based on the failure of a safety device to protect because the device must be removed in order to perform routine maintenance on the product.

6. NEGLIGENCE—KNOWN DANGER—DUE CARE.

A finding of negligence is not precluded because a plaintiff proceeds in the face of known danger where he proceeds with caution and is in a place where he must be or has a right to be.

7. NEGLIGENCE—KNOWN DANGER—DUE CARE.

The necessity of giving attention to his work reduces the amount of care and attention he is expected to exercise for his own safety where a person must work in a dangerous place.

Appeal from Wayne, Edward S. Piggins, J. Submitted Division 1 January 5, 1972, at Detroit. (Docket No. 11468.) Decided May 30, 1972. Leave to appeal denied, 388 Mich 765.

Complaint by Myles Byrnes and Mary Byrnes against Economic Machinery Company Division of George J. Meyer Manufacturing Company and Automatic Sprinkler Corporation of America, successor to George J. Meyer Manufacturing Company, for negligence and breach of warranty. Summary judgment for defendants. Plaintiffs appeal. Reversed and remanded for trial.

*Sugar, Schwartz, Silver, Schwartz & Tyler (by Donald J. Morbach),* for plaintiffs.

*Garan, Lucow, Miller & Lehman,* for defendants.

Before: LEVIN, P. J., and HOLBROOK and BRONSON, JJ.

BRONSON, J. Plaintiffs appeal from a summary judgment.

Plaintiff Myles Byrnes was employed by Shedd-Bartush Food Company as a mechanic. His job was to keep labeling machines in good operating order. Among these was a "World Super C.M. Labeler" machine manufactured by defendant Economic Machinery Company. This machine requires regular adjustment and maintenance because of differences in bottles' sizes and shapes, glue adjustments, imperfections in the paper labels, atmospheric changes, and repair and adjustment of brushes.

On August 19, 1966, plaintiff was adjusting brushes on defendant's machine. This required the removal of a guard over moving parts in the machine and the manual adjustment of the brushes. The adjustment was done on a trial and error basis until the machine put the labels on properly. While plaintiff's right hand was still inside the machine, his supervisor ordered a fellow employee to activate the machine. As a consequence, plaintiff suffered the injuries for which he brought the present suit.

Plaintiffs' claim against defendant manufacturer is based on negligence and warranty theory, faulting the defendant with failure to design proper safety guards and procedures for deactivating the machine while it was being manually adjusted and failure to warn machine users of the dangers attendant upon operating the machine while manual adjustments were being made.

The sole issue on appeal is whether granting summary judgment for defendant was proper. Whether a genuine issue of material fact exists depends on plaintiff's deposition, pleadings, and photographs of the machine submitted to the trial judge. The trial judge is not limited to considering only affidavits. He may consider other evidence in

the record before him. *Green v Lindquist Agency, Inc,* 2 Mich App 488 (1966). Plaintiff admits the machine was started at his supervisor's command but emphasizes the need for constant maintenance, which plaintiff was responsible for; that such maintenance was done while exposed to parts that move; the machine operator's position behind a control panel where it was difficult to see plaintiff readjusting the machine; and defendant's awareness of these facts. These facts, plaintiff contends, create a question of fact as to whether defendant breached a warranty or was negligent in failing to install a safety device to prevent the accident that occurred. Defendant does not dispute these facts but argues that they do not create a genuine issue of fact for a jury.

Defendant contends that a manufacturer has no duty to protect against injuries caused by obvious dangers. Further, a manufacturer is not required to anticipate misuse of his product which results in injury. Defendant relies heavily on *Fisher v Johnson Milk Co, Inc,* 383 Mich 158 (1970), and *Brown v General Motors Corp,* 355 F2d 814 (CA 4, 1966).

*Fisher v Johnson Milk Co, supra,* is the latest Michigan authority on manufacturer's liability for defective products. In that case, plaintiff sued the manufacturer of a wire milk carrier. He had slipped on an icy street and dropped the carrier and bottles he was carrying in it. On impact with the street, the bottles broke and plaintiff seriously cut his hand on the broken glass as he tried to break his fall. In affirming a summary judgment for defendant, the Supreme Court said:

"There was no inherent, hidden or concealed defect in the wire carrier. Its manner of construction, how the bottles would rest in it, and what might happen if it

were dropped, upright, on a hard surface below, with the possibility that the contained bottles might break, was plain enough to be seen by anyone including a patent attorney as well as a milk dealer. There is no duty to warn or protect against dangers obvious to all. * * * "

The Court then went on to quote extensively from *Jamieson v Woodward & Lothrop,* 101 US App DC 32; 247 F2d 23 (1957), and *Campo v Scofield,* 301 NY 468; 95 NE2d 802 (1950). To fully appreciate the meaning of *Fisher,* a close reading of both these cases is necessary.

In *Jamieson,* the plaintiff was injured when a rope on an elastic exerciser made by the defendant slipped and struck plaintiff in the eye, causing a detached retina. The court held that the manufacturer was not liable to plaintiff. Important to this decision was the fact that the rope was part of a relatively simple machine which posed no foreseeably great danger to a user. The United States Court of Appeals for the District of Columbia Circuit said:

"Neither an exact definition of liabilities nor a precise delineation of the boundaries is necessary in the present case. It seems clear under all or any of the cases or text authorities that, where a manufactured article is a simple thing of universally known characteristics, not a device with parts or mechanism, the only danger being not latent but obvious to any possible user, if the article does not break or go awry, but injury occurs through a mishap in normal use, the article reacting in its normal and foreseeable manner, the manufacturer is not liable for negligence. If a man drops an iron dumbbell on his foot the manufacturer is not liable.

* * *

"Surely a manufacturer is not negligent if he fails to utter a warning against a general possibility of danger,

such as that if a rope slips some injury may result. And surely a manufacturer, to be protected from liability for negligence, need not enumerate the possible injuries which might befall one hit by the rope. We have in the case at bar a detached retina, but we might have had any one of an infinite number of injuries to eye, mouth, ear, nose, *etc.* We do not agree with, and find no authority to support, a holding either that a manufacturer must utter a general warning of danger from mishap with an article such as this rope or that he must catalog injuries possible upon such a mishap." 101 US App DC 32, 37, 39; 247 F2d 23, 28, 30.

In *Campo v Scofield, supra,* plaintiff was injured while operating an onion topping machine manufactured by defendant. His hand slipped into the machine's steel rollers, resulting in serious injury. The New York Court of Appeals held that the manufacturer had no duty to protect a user against obvious dangers by equipping the machine with safety guards.

Defendant in the instant case relies on the following language in *Campo:*

"If a manufacturer does everything necessary to make the machine function properly for the purpose for which it is designed, if the machine is without any latent defect, and if its functioning creates no danger or peril that is not known to the user, then the manufacturer has satisfied the law's demands. We have not yet reached the state where a manufacturer is under the duty of making a machine accident proof or foolproof. Just as the manufacturer is under no obligation, in order to guard against injury resulting from deterioration, to furnish a machine that will not wear out (see *Auld v Sears, Roebuck & Co,* 288 NY 515 [41 NE2d 927 (1942)], affirming 261 App Div 918 [25 NYS2d 491 (1941)]), so he is under no duty to guard against injury from a patent peril or from a source manifestly dangerous. To illustrate, the manufacturer who makes, properly and free of defects, an axe or a buzz saw or an airplane with an exposed propeller, is not to be held

liable if one using the axe or the buzz saw is cut by it, or if some one working around the airplane comes in contact with the propeller. In such cases, the manufacturer has the right to expect that such persons will do everything necessary to avoid such contact, for the very nature of the article gives notice and warning of the consequences to be expected, of the injuries to be suffered. In other words, the manufacturer is under no duty to render a machine or other article 'more' safe— as long as the danger to be avoided is obvious and patent to all." 301 NY 468, 472; 95 NE2d 802, 804.

*Jamieson* and *Campo* hold that a manufacturer is not under a duty to protect against a *general possibility* of danger inherent in a product where the danger is obvious to all who *use* the product as it was intended to be used. *Fisher, supra,* fits well into this rationale as it involved a relatively simple product which presented no danger to users reasonably foreseeable by the manufacturer. In this sense it is indistinguishable from *Jamieson, supra.* Further, *Fisher* had an element of inadvertence by plaintiff which makes it somewhat similar to *Campo, supra.*

The instant case presents a factually distinguishable situation. Plaintiff was working with a complicated piece of machinery while its moving parts were exposed and while the machine was controlled by another. This work was a necessary part of plaintiff's job. It was done constantly to keep the machine in good order and to enable it to perform different functions. Defendant was aware of the specific uses to which its machine would be put and of the need for constant maintenance.

The defendant manufacturer also relies on *Brown v General Motors Corp,* 355 F2d 814 (CA 4, 1966), which the trial judge found to be indistinguishable from the instant case. There the plaintiff was injured while greasing the universal joints of

a bulldozer manufactured by defendant. A fellow employee, without checking to see if the gear was in neutral, pushed the starter button to rotate the drive shaft. Instead, the engine started, the gear engaged, and plaintiff was crushed in the tread. Defendant had replaced a micro-switch which prevented the engine from starting unless in neutral with a shield. Plaintiff's fellow employee placed his thumb under the shield to push the starter. Plaintiff based his case on this change in safety devices. The Fourth Circuit held that liability could not be predicated on a manufacturer's failure to adopt the most modern safeguards. It also held that the rules of warranty and negligence apply only when a machine is used as intended.

The instant case is distinguishable in two important ways. First, plaintiff in *Brown* was greasing the universal joints in a manner not recommended by the defendant. There is no indication that the instant plaintiff was making adjustments in any but the proper manner. Second, the fellow employee in *Brown* disregarded safety guards provided by the defendant. There was no safety device in the instant case. The question in *Brown* was whether defendant was negligent in the safety device used. Here the question is whether defendant was negligent for failing to provide such a device. Liability can be based on failure to provide safety devices. *Ilnicki v Montgomery Ward Co,* 371 F2d 195 (CA 7, 1967); *Pike v Frank G Hough Co,* 85 Cal Rptr 629; 467 P2d 229 (1970); *Garcia v Halsett,* 3 Cal App 3d 319; 82 Cal Rptr 420 (1970); *Wright v Massey-Harris, Inc,* 68 Ill App 2d 70; 215 NE2d 465 (1966).

Defendant makes much of the fact that the machine in question had a guard which plaintiff removed. Plaintiff's action in removing the guard

here was quite different from the action taken in *Brown, supra.* Plaintiff had no choice but to remove the guard to do his job and the machine had to be run without the guard for plaintiff to know whether the adjustment was proper. While the machine was being operated to check the adjustment, plaintiff's hands had to be near unprotected moving parts. Liability can be predicated on a safety device's failure to work under some conditions. See *Hartmon v National Heater Co,* 240 Minn 264; 60 NW2d 804 (1953); *Beckhusen v E P Lawson Co,* 9 NY2d 726; 174 NE2d 327 (1961).

The operation of a machine without the safety guard provided by the manufacturer was also the basis of the Third Circuit's decision in *Smith v Hobart Manufacturing Co,* 302 F2d 570 (CA 3, 1962). The trial judge found that this case supported the defendant. We do not agree. The rationale clearly supports plaintiff. The court recognized that the manufacturer had a duty to provide a safety guard to protect machine operators. It held that defendant was not liable because it was unreasonable for it to expect that the guard would be removed. It indicated that a jury question would have been presented if defendant had reason to expect the guard would be removed. In such a situation the fact of its removal by a third party would not have made that act a superseding cause. 302 F2d at 575. See *Brooks v Allis Chalmers Manufacturing Co,* 163 Cal App 2d 410; 329 P2d 575 (1958).

This reasoning is applicable here. In this case the defendant had reason to believe that the machine would be operated at times without the safety guard. Under the rationale of *Smith,* a jury question is presented.

The language in *Smith* is indicative of the ratio-

nale underlying many cases in this area of the law; either the specific danger in question was unforeseeable by the manufacturer or a reasonably prudent plaintiff could have avoided the accident. In reaching their decisions, the courts made much of the need for a latent defect or danger to be present before a duty can be imposed on a manufacturer. In reality, these requirements bear on the unreasonableness of the risk to which one is exposed. Noel, *Manufacturer's Negligence of Design or Directions for Use of a Product,* 71 Yale L J 816, 838 (1962); *Pike v Frank G Hough Co, supra.* If a risk is unreasonable and foreseeable, a duty on the manufacturer's part may arise. In *Fisher v Johnson Milk Co,* 383 Mich 158 (1970), our Supreme Court concluded that the plaintiff was not exposed to a foreseeable unreasonable risk. Therefore, the manufacturer was not subject to liability. Further, the plaintiff in *Fisher* could have avoided the injury by proceeding with caution.

A manufacturer has a duty to use reasonable care in designing his product to guard against an unreasonable and foreseeable risk. *Gossett v Chrysler Corp,* 359 F2d 84 (CA 6, 1966); *Farr v Wheeler Manufacturing Corp,* 24 Mich App 379 (1970); Harper & James, The Law of Torts (1956), § 28.5, pp 1543, 1545. This may even include misuse which may be reasonably anticipated. See *Brown v General Motors Corp,* 355 F2d 814, 820 (CA 4, 1966); *Marker v Universal Oil Products Co,* 250 F2d 603, 606 (CA 10, 1957).

We cannot agree with the contention that where a machine is subject to continual maintenance and an accident occurs during such maintenance, the machine is not being used as intended or that the misuse is unanticipated where the injured party

takes no unnecessary risks in performing his job. Defendant knew that continual maintenance was necessary, and whether it had a duty to provide safeguards against foreseeable unreasonable risks which could occur while maintenance was taking place is a question for the trier of fact.

It is true that plaintiff was aware of the risk and that many cases find no duty where the danger is obvious. This requirement must be considered in conjunction with the modern tort concept that awareness alone does not preclude negligence. *Pike v Frank G Hough Co, supra;* Noel, *supra.* A danger may be obvious but not appreciated. 1 Frumer & Friedman, Products Liability, § 7.02, p 117. Even where a danger is appreciated, circumstances may cause it to be momentarily forgotten. It is also possible for the accident to occur even though the injured party proceeds cautiously in the face of an obvious danger.

There is an analogous line of cases in Michigan which hold that a finding of negligence is not precluded when a plaintiff slips and falls in a place where the danger is obvious but the plaintiff has proceeded with caution in a place he has a right to be or must be. *Pollack v Oak Office Building,* 7 Mich App 173 (1967); *Pigg v Bloom,* 22 Mich App 325 (1970). These cases recognize that where a party either has no alternative or chooses an alternative which does not increase the risk, he should not be precluded from placing liability on the party who has created the risk. Such reasoning applies here.

Where a person must work in a place of possible danger, the care which he is bound to exercise for his own safety may well be less, due to the necessity of giving attention to his work, than is normally the case. Plaintiff worked in a place of

possible danger on a machine controlled by another. He was aware of the dangers, but had no alternative open to him which would have lessened the risks. He proceeded with caution. Defendant should not be able to escape liability if the risk to which plaintiff was exposed was unreasonable and foreseeable by the defendant.

We cannot say that reasonable men would not differ as to whether defendant was without fault in this situation based on the evidence before the trial judge. A genuine issue of material fact exists. The grant of summary judgment was error.

Reversed and remanded for trial.

All concurred.