MICHIGAN MUTUAL INSURANCE COMPANY v HEATILATOR
FIREPLACE, DIVISION OF VEGA INDUSTRIES, INC

Docket No. 59718. Submitted February 9, 1983, at Grand Rapids.—
Decided July 6, 1983. Leave to appeal applied for.

The home of Duane and Mary Geiger was damaged by a fire allegedly caused when a prefabricated fireplace manufactured by Heatilator Fireplace, Division of Vega Industries, Inc., overheated as a result of the blockage of the air ventilation slot in the fireplace by fireplace doors manufactured by Hart Fireplace Furnaces and installed by the Geigers thereby causing the outer surface of the fireplace to become hot enough to ignite adjacent combustible material. Michigan Mutual Insurance Company, as subrogee of the Geigers, brought a products liability action in Kent Circuit Court against Heatilator and Hart. While a number of theories of liability were pled as to each defendant, discovery narrowed plaintiff's cause of action to claims that each defendant was negligent in failing to provide a proper warning that a fireplace door should not be added in such a fashion as to block the air slot. Heatilator moved for summary judgment both on failure to state a claim and on the basis that there was no genuine issue of material fact. Stuart Hoffius, J., granted Heatilator's motion on the basis that there was no genuine issue of material fact and that Heatilator was entitled to judgment as a matter of law, holding that it was uncontroverted that Mr. Geiger knew he was not to cover the ventilation slot and that, under such circumstances, there was no duty to warn. Thereafter, Hart Fireplace Furnaces moved for summary judgment on the basis that there was no genuine issue of material fact and that it was entitled to a judgment. Hart did not file an affidavit in support of its motion, but its motion incorporated by reference the motion by Heatilator

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 73 Am Jur 2d, Summary Judgment §§ 26, 27.
[2] 63 Am Jur 2d, Products Liability § 51.
 Manufacturer's or seller's duty to give warning regarding product as affecting his liability for product-caused injury. 76 ALR2d 91.
[3] 73 Am Jur 2d, Summary Judgment § 21.
[4] 73 Am Jur 2d, Summary Judgment § 18.

which included the affidavit in support of Heatilator's motion. Hart's motion for summary judgment was granted, Stuart Hoffius, J. Plaintiff appeals. *Held:*

1. Since plaintiff's subrogor was aware that the air vent should not be covered, defendants had no duty to warn of the obvious danger. Defendants were therefore entitled to a judgment as a matter of law in view of the undisputed facts relative to Geiger's knowledge.

2. The granting of summary judgment was not premature, since discovery on the determinative question was complete and it was unlikely that further discovery would have uncovered any additional factual support for plaintiff's allegation that defendants had breached any duty to warn plaintiff's subrogors.

3. The trial court did not improperly limit plaintiff's discovery.

4. While the motion for summary judgment by defendant Hart Fireplace Furnaces should have been accompanied by an affidavit in support of it, under these circumstances where Hart's motion was based on the identical facts and legal theory as Heatilator's motion and Hart incorporated by reference Heatilator's motion which included the necessary affidavit reversal on the basis of the failure to file a separate affidavit is not warranted. No useful purpose would be served by requiring Hart to merely duplicate the affidavit filed by Heatilator.

Affirmed.

1. Jᴜᴅɢᴍᴇɴᴛs — Sᴜᴍᴍᴀʀʏ Jᴜᴅɢᴍᴇɴᴛ — Issᴜᴇ ᴏꜰ Mᴀᴛᴇʀɪᴀʟ Fᴀᴄᴛ.

A motion for summary judgment on the basis that no genuine issue of material fact exists requires that the trial court consider the affidavits filed with the motion along with the pleadings, depositions, admissions and documentary evidence filed in the action; before granting the motion, the court must find that it would be impossible for the challenged claim or defense to be supported by proofs at trial (GCR 1963, 117.2[3]).

2. Pʀᴏᴅᴜᴄᴛs Lɪᴀʙɪʟɪᴛʏ — Dᴜᴛʏ Tᴏ Wᴀʀɴ — Oʙᴠɪᴏᴜs Dᴀɴɢᴇʀs.

There is no duty by a manufacturer of a fireplace to warn of the risks of covering certain air vents where the purchaser and owner of the fireplace was aware of the risks and the risks were obvious to all.

3. Jᴜᴅɢᴍᴇɴᴛs — Sᴜᴍᴍᴀʀʏ Jᴜᴅɢᴍᴇɴᴛ — Dɪsᴄᴏᴠᴇʀʏ.

Summary judgment is not prematurely granted where discovery is complete on the question at issue, since under such circum-

stances the nonmovant is not likely to uncover additional factual support for his position.

4. JUDGMENTS — SUMMARY JUDGMENT — AFFIDAVITS.

A motion for summary judgment on the basis that no genuine issue of material fact exists must be accompanied by an affidavit; however, reversal of an order of summary judgment on the basis that a separate affidavit did not accompany the motion is not mandated where the movant incorporates by reference the pleading of another party which contains the necessary affidavit (GCR 1963, 117.2[3], 117.3).

*Baxter & Hammond,* for plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Lance R. Mather),* for Heatilator Fireplace.

*Cholette, Perkins & Buchanan* (by *Jeffery H. Beusse* and *Don V. Souter),* for Hart Fireplace Furnaces.

Before: R. M. MAHER, P.J., and R. B. BURNS and P. J. MARUTIAK,* JJ.

PER CURIAM. Plaintiff appeals from two separate orders granting the defendants' motions for summary judgment pursuant to GCR 1963, 117.2(3).

This is a products liability case. The plaintiff's subrogors, Duane and Mary Geiger, had installed in their home a prefabricated sheet metal fireplace manufactured by defendant Heatilator Fireplace, Division of Vega Industries, Inc. Subsequently, the Geigers incorporated into the fireplace glass doors manufactured by defendant Hart Fireplace Furnaces. On December 3, 1979, within a month of the installation of the doors, the Geigers' home caught fire. According to the report written by plaintiff's expert:

* Circuit judge, sitting on the Court of Appeals by assignment.

"The cause of this fire was the overheating of the outer steel shell of the fireplace when the ventilation air slot at the front of the unit was inadvertently blocked by the insured's installation of a set of glass fireplace doors. The elevated temperature of the outer steel shell of the fireplace eventually ignited adjacent combustible material."

Pursuant to a policy of insurance, plaintiff paid the Geigers $65,000 and was subrogated to their fire loss claims.

Plaintiff filed a complaint against Heatilator alleging negligence, breach of express and implied warranties and one count under the Michigan products liability statute, MCL 600.2945 *et seq.;* MSA 27A.2945 *et seq.* As to the negligence claim, plaintiff alleged that Heatilator was negligent in designing, constructing, and erecting the fireplace and in failing to warn the Geigers that the air flow below the interior hearth could not be blocked and that, if glass doors were installed, the doors should not cover the screen carrier or the fireplace opening.

Trial was originally scheduled for April 20, 1981. On April 17, 1981, plaintiff's motion to adjourn was denied. Plaintiff had recently identified the manufacturer of the glass doors and wished to add it as a defendant. Eventually, upon agreement of the parties, the court dismissed the case without prejudice.

Subsequently, plaintiff brought suit against both defendants. The allegations against Heatilator were identical to those made in the prior lawsuit. Against Hart, the plaintiff alleged negligence, breach of implied and express warranties and one count under the products liability statute. On August 7, 1981, Heatilator moved for summary judgment pursuant to GCR 1963, 117.2, subds (1)

and (3), which was treated by the trial court as a motion under subrule (3). By this time, discovery had narrowed plaintiff's cause of action to its allegation that defendants were negligent in failing to provide a proper warning. The court granted the motion based on the undisputed fact that Mr. Geiger knew that he was not to cover the fireplace's air vents. Hart then filed its own motion for summary judgment under subrule (3). In support of its motion, Hart filed a statement that it "adopt[ed] by reference [the] motion and briefs filed in support of Heatilator Fireplace's motion for summary judgment". Hart did not file an affidavit in support of its motion. Hart's motion, like Heatilator's, was granted on the ground that Mr. Geiger knew he was not supposed to block the fireplace's air vents.

Plaintiff raises three issues on appeal.

First, plaintiff contends that the trial court erred in granting the defendants' motions for summary judgment. Under subrule (3), a motion for summary judgment tests whether there exists a genuine issue as to any material fact and, if so, whether the moving party is entitled to judgment as a matter of law. The trial court must consider the affidavits together with the pleadings, depositions, admissions and documentary evidence then filed in the action. GCR 1963, 117.3. Before it can grant the motion, the court must find that it is impossible for the claim or defense to be supported at trial because of some deficiency which cannot be overcome. *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316 (1973).

The plaintiff does not maintain that some genuine issue exists as to whether Mr. Geiger knew he was not to cover the fireplace's air vents. Rather plaintiff contends that this fact, even though un-

disputed, does not entitle defendants to judgment as a matter of law. It argues that an injured person's knowledge of a risk of injury posed by a product does not relieve the manufacturer of its duty to warn that person of the risk.

In *Fisher v Johnson Milk Co, Inc,* 383 Mich 158, 160; 174 NW2d 752 (1970), the Supreme Court held: "There is no duty to warn or protect against dangers obvious to all". Similarly, this Court has recognized that "there is no duty to warn of dangers obvious to all users of the product or of specific dangers fully known to the complainant at the time the injury occurred". *Graham v Ryerson,* 96 Mich App 480, 486; 292 NW2d 704 (1980), *lv den* 410 Mich 858 (1980). In *Owens v Allis Chalmers Corp,* 414 Mich 413, 425; 326 NW2d 372 (1982), the Court had this to say about the scope of its holding in *Fisher:*

"Our Court of Appeals has essentially limited the language in our decision in *Fisher* by the fact that *Fisher* involved a simple product or tool. *Coger v Mackinaw Products Co,* 48 Mich App 113; 210 NW2d 124 (1973); *Byrnes v Economic Machinery Co,* 41 Mich App 192; 200 NW2d 104 (1972); see, also, *Jennings v Tamaker Corp,* 42 Mich App 310; 201 NW2d 654 (1972). We believe that such a limitation is proper."

The Court then went on to say:

"Obvious risks may be unreasonable risks, and there is no justification for departing from general negligence and breach of implied warranty principles merely because the dangers are patent.

"This is not to say that the obviousness of the danger is irrelevant. As in *Fisher,* the obviousness of the risks that inhere in some simple tools or products is a factor contributing to the conclusion that such products are not unreasonably dangerous. The test, however, is not

whether the risks are obvious, but whether the risks were unreasonable in light of the foreseeable injuries." 414 Mich 425.

The Court's position, it appears, is that a manufacturer of a "simple tool or product" has no duty to warn against obvious risks, but a manufacturer of other more complex products does have a duty to warn against such risks if the risks were unreasonable in light of the foreseeable injuries.

In view of these principles, we must decide whether the products involved in this case are simple or not. The product involved in *Fisher* was a wire carrier used for transporting glass milk bottles. In *Coger, supra,* this Court ruled that a mechanical log splitter was not a simple tool. This Court reached the same conclusion with regard to the labeling machine that injured the plaintiff in *Byrnes, supra.* It is our opinion that the glass doors and prefabricated fireplace manufactured by defendants resemble more closely the wire carrier involved in *Fisher* than the machines involved in *Coger* and *Byrnes.* We hold, therefore, that defendants had no duty to warn either as to risks posed by these products that were obvious to all or as to risks known to the plaintiff's subrogors. Because Mr. Geiger was aware that the fireplace's air vents should not be blocked, defendants were under no duty to warn him of that risk. Consequently, the trial court did not err in granting the defendants' motions for summary judgment.

Second, plaintiff argues that the trial court's rulings on the defendants' motions for summary judgment were premature. A ruling on a motion for summary judgment limited to one issue is premature if made before discovery on the disputed issue is complete. *Szidik v Podsiadlo,* 109 Mich App 446, 450; 311 NW2d 386 (1981). The

question is "whether further discovery stands a fair chance of uncovering factual support for the litigant's position". *Crider v Borg,* 109 Mich App 771, 772-773; 312 NW2d 156 (1981). In the present case, it is not likely that further discovery would have uncovered additional factual support for plaintiff's allegation that defendants had breached a duty to warn plaintiff's subrogors. Discovery on this issue had been completed.

Plaintiff raises a related issue pertaining to discovery. It argues that the court erred in failing to grant plaintiff's motion to compel Heatilator to answer certain interrogatories with more specificity. However, the court did not deny plaintiff's motion. It only requested that plaintiff specify with more precision the materials sought. Plaintiff took no further action with regard to these interrogatories and cannot now complain that it was denied a fair opportunity to prepare for trial.

Finally, plaintiff charges that Hart's motion for summary judgment failed to comply with GCR 1963, 117.3, requiring reversal of the order granting that motion. Hart did not file its own affidavit but incorporated Heatilator's motion and briefs. Heatilator's motion included an affidavit setting forth with particularity facts sufficient to establish that there was no genuine issue of material fact and that Heatilator was entitled to judgment as a matter of law.

Ordinarily, the lack of an affidavit supporting a motion for summary judgment under subrule (3) requires reversal of the order granting the motion. See *Armstrong v Ross Twp,* 82 Mich App 77; 266 NW2d 674 (1978). In this case, however, both motions rested on the same points of fact and law. Requiring Hart to merely duplicate what was

included in Heatilator's affidavit would, in the circumstances of this case, serve no useful purpose. We, therefore, reject plaintiff's argument.

Affirmed. Costs to appellees.