MICHIGAN MUTUAL INSURANCE COMPANY v HEATILATOR
FIREPLACE

Docket No. 73006. Decided April 16, 1985. On application by the
plaintiff for leave to appeal, the Supreme Court, in lieu of
granting leave to appeal, reversed the judgments of the Court
of Appeals and the Kent Circuit Court and remanded the case
to the Kent Circuit Court for trial.

Michigan Mutual Insurance Company, as subrogee of Duane and
Mary Geiger, brought an action in the Kent Circuit Court
against Heatilator Fireplace, a manufacturer of prefabricated
fireplaces, and Hart Fireplace Furnaces, a manufacturer of
glass fireplace doors, seeking property damages occasioned by a
fire caused by an overheating of the outer steel shell of a
Heatilator fireplace on which Hart doors had been installed.
The plaintiff alleged that the doors blocked a ventilation air
slot at the front of the fireplace and that the defendants were
negligent in failing to provide proper warnings to the Geigers
that the airflow below the interior hearth should not have been
blocked because such blockage created a risk of fire. The Court,
R. Stuart Hoffius, J., granted Heatilator's motion for summary
judgment on the ground that Mr. Geiger knew that he should
not cover the fireplace vents. The Court of Appeals, R. M.
MAHER, P.J., and R. B. BURNS and MARUTIAK, JJ., affirmed in
an opinion per curiam, holding that in addition to the risks
being known by the plaintiff's subrogors the defendants had no
duty to warn because the product involved was simple and the
risks which it posed were obvious to all (Docket No. 59718). The
plaintiff seeks leave to appeal.

In an opinion per curiam, signed by Chief Justice WILLIAMS,
and Justices RYAN, BRICKLEY, CAVANAGH, BOYLE, and RILEY,
the Supreme Court held:

A pretrial motion for summary judgment may not be granted
unless the court, giving the benefit of any reasonable doubt to
the opposing party, determines that there is no genuine issue
as to any material fact. Giving every reasonable doubt to the
plaintiff in this case, it cannot be concluded that the plaintiff
was fully aware of the fire risk posed by obstruction of the
unit's air vents. A jury would not have been precluded from

finding that a warning was required to give the plaintiff a full appreciation of the seriousness of the life-threatening risks involved. The fact that the plaintiff was aware that the vents should not have been blocked does not mean that a warning concerning the risk of fire would have had no effect. Notice of the risk of fire, with its threat to life, would have motivated Mr. Geiger to take more care to ensure that the vents were not obstructed and would have led him to discover that the glass doors were in fact obstructing the vent opening.

The simple tool analysis applied by the Court of Appeals was inappropriate. Neither an obvious or patent danger nor a simple tool is involved in this case. It is not at all obvious that blocking the air vents of the fireplace will cause a fire.

Justice LEVIN, concurring, stated that the courts below assume without deciding that the manufacturers had an obligation to provide a warning regarding hazards associated with the use of the fireplace doors with the fireplace. If such a warning were required, the concession of knowledge that the air vents on the fireplace should not be covered might not obviate the obligation or eliminate the causal relationship between the failure to warn and the property damage. Also, the fireplace in this case cannot properly be characterized as a simple tool. Therefore, there might be a question for the trier of fact or the trial court (to rule as a matter of law if reasonable minds could not differ) to decide if there was an obligation under the circumstances of the case.

Reversed.

126 Mich App 837; 338 NW2d 238 (1983) reversed.

*Baxter & Hammond* (by *Robert N. Alt, Jr.,* and *Steven L. Skahn*) for the plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Lance R. Mather*) for defendant Heatilator Fireplace.

*Cholette, Perkins & Buchanan* (by *Jeffery H. Beusse*) for defendant Hart Fireplace Furnaces.

PER CURIAM. This is a products liability case in which we are asked to review the propriety of summary judgments granted in favor of the defendants pursuant to GCR 1963, 117.3, and affirmed by the Court of Appeals.

I

This action was instituted by the plaintiff insurer-subrogee of Duane and Mary Geiger. When the Geigers purchased their home in 1975, it had a prefabricated sheet metal fireplace manufactured by defendant Heatilator Fireplace. The fireplace is known in the trade as a "zero-clearance" fireplace because there is no clearance between the fireplace and abutting combustible materials. The unit has two air vents, one at the base of the unit and the other at the top. Air is drawn into the unit through the base vent, circulates in a chamber which runs underneath and behind the unit, and exits from the vent at the top of the unit. The air which circulates through the chamber serves the purpose of warming the room into which it circulates. It also serves the purpose of keeping cool the outer wall of the chamber.

In 1979 the Geigers installed on the fireplace glass doors manufactured by defendant Hart Fireplace Furnaces. Shortly thereafter, the Geigers' home caught fire. According to plaintiff's expert, "[t]he cause of this fire was the overheating of the outer steel shell of the fireplace when the ventilation air slot at the front of the unit was inadvertently blocked by the insured's installation of a set of glass fireplace doors. The elevated temperature of the outer steel shell of the fireplace eventually ignited adjacent combustible material."

The plaintiff insurer paid the Geigers $65,000 for the property damage that they suffered as a result of the fire and instituted this action against Heatilator, later adding Hart. Plaintiff claimed, among other things, that the defendants were negligent in failing to provide proper warning to the Geigers that the airflow below the interior hearth should not be blocked because of the risk of

fire it created. Heatilator moved for summary judgment and the trial court granted the motion based on Mr. Geiger's deposition testimony that he knew that he was not to cover the fireplace's air vents. The trial court explained:

> The depositions of a number of people were taken in the . . . case and, I believe, there is no dispute about them, and in one of the depositions Mr. Geiger indicated that he knew that he should not cover the air vents and that he did not, in fact, cover the air vents.[1]
>
> There is, however, an expert who says that the air vents were covered so it seems to me that the cause of action by Mr. Geiger as a subrogor of Michigan Mutual Insurance Company is left with Mr. Geiger's position that he knew it and any effective warning would not have done any good, and so as a result I am inclined to feel that the motion for summary judgment should be granted and an order may be so entered.

Plaintiff's motion for reconsideration was denied, and Hart's subsequent motion for summary judgment, adopting by reference Heatilator's motion and briefs, was granted.

The Court of Appeals affirmed,[2] holding that in addition to the risks being known by the plaintiff's subrogors, defendants in this case had no duty to warn because the product involved was simple and the risks which it posed were obvious to all. *Fisher v Johnson Milk Co, Inc,* 383 Mich 158; 174 NW2d 752 (1970); *Owens v Allis-Chalmers Corp,* 414 Mich 413; 326 NW2d 372 (1982).

Plaintiff has filed an application for leave to appeal.

[1] Specifically, Mr. Geiger testified, "I don't feel it was blocked. In my opinion, I wouldn't have blocked it, knowing that it needed an air space, when I built the hearth."

[2] 126 Mich App 837; 338 NW2d 238 (1983).

## II

Plaintiff contends that the trial court and the Court of Appeals erred in assuming that because Mr. Geiger testified that he knew that air vents should not be blocked, he knew blocking them would create a fire hazard. An alternative inference is that he knew he should not have blocked the air vents because it would cause the fireplace to lose its special function of heating the room by circulating air through the unit. Under the circumstances, the courts were required to accept the latter inference favorable to the plaintiff. The Court of Appeals also erred by applying a "simple tool" analysis to this case because the Heatilator fireplace cannot be considered a simple tool and the risk of fire which it poses cannot be considered patent and obvious.

The defendants respond that the trial court and the Court of Appeals properly concluded that Mr. Geiger was aware of the risk involved in blocking the air vents of the furnace. In addition to the deposition testimony cited by the trial court, the defendants contend that the following testimony further establishes Mr. Geiger's awareness that a fire might result from blocking of the air vents:

*Q.* Did you during this period of time understand how this type of fireplace worked, so far as preventing heat from going from the fireplace to the structure itself?

*A.* To the extent that it relied on airspace.

*Q.* Did you know that?

*A.* Yes.

*Q.* And did you know how air was circulated into the air space.

*A.* I thought through that slot in the lower section there.

According to the defendants, although Mr. Geiger did not specifically mention the word "fire," his understanding that heat from the furnace unit would escape into the surrounding structure of his house if the air vents were blocked encompassed that possibility. Furthermore, the defendants contend that the Court of Appeals properly found that there was no duty to warn because the fireplace is a simple tool and the dangers involved in blocking the air are obvious.

## III

Assuming without deciding that the defendants had a duty to warn of the dangers of covering the vents, our review leads us to conclude that the summary judgments were erroneously granted in this case. A pretrial motion for summary judgment pursuant to GCR 1963, 117.3 may not be granted unless the court, giving "the benefit of any reasonable doubt to the opposing party," determimes that "there is no genuine issue as to any material fact." *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316 (1973). Giving every reasonable doubt to the plaintiff in this case, it cannot be concluded that Mr. Geiger was fully aware of the fire risk posed by obstruction of the unit's air vents. While it is undisputed that Mr. Geiger was aware that the unit's air vents should not be blocked, a reasonable inference favorable to the plaintiff is that he believed this would obstruct the airflow necessary for the fireplace to serve its room-heating purpose. Furthermore, while the testimony cited by the defendants indicates that Mr. Geiger was aware that the unit airflow served the function of preventing heat loss to the surrounding building structure, an inference unfavorable to the plaintiff would have to be drawn to conclude that Mr.

Geiger was aware that obstruction of this function could cause a fire. Even if it is arguable that Mr. Geiger's testimony establishes consciousness on his part of a vague danger, it would not preclude a jury from finding that a warning was nonetheless required to give him a full appreciation of the seriousness of the life-threatening risks involved. See *Graham v Ryerson,* 96 Mich App 480, 489; 292 NW2d 704 (1980).

The Court of Appeals "simple tool" analysis based on this Court's decisions in *Fisher v Johnson Milk Co, Inc, supra,* and *Owens v Allis-Chalmers Corp, supra,* is inappropriate. This is not a case involving an obvious or patent danger or, for that matter, a simple tool. We are persuaded that it is not at all obvious that blocking the air vents on a fireplace of this type will cause the outer walls of the fireplace to overheat to the point of igniting surrounding materials.

The trial court ruling indicates that the court may also have granted the motions for summary judgment on the ground that failure to warn of risk of fire could not have been a proximate cause of the fire because Mr. Geiger was already aware that he should not block the air vents. This rationale, however, is erroneous. The fact that Mr. Geiger was aware that he should not block the opening of the air vents does not mean that a warning concerning the risk of fire would have had no effect. Notice of the risk of fire, with its threat to life, arguably would have motivated Mr. Geiger to take more care to ensure that the vents were not obstructed and would have led him to discover that the glass doors were in fact obstructing the vent opening.

Accordingly, in lieu of granting leave to appeal, pursuant to MCR 7.302(F)(1), we reverse the judgment of the Court of Appeals and of the Kent

Circuit Court and remand the case to the Kent Circuit Court for trial.

WILLIAMS, C.J., and RYAN, BRICKLEY, CAVANAGH, BOYLE, and RILEY, JJ., concurred.

LEVIN, J. *(concurring separately).* A manufacturer has an obligation to avoid negligence—*i.e.,* "to conform to the legal standard of reasonable conduct in the light of the apparent risk."[1] A manufacturer also has an obligation to provide a product that is reasonably fit for the particular purpose intended.[2]

As part of the manufacturer's obligation to avoid negligence and provide a product that is reasonably fit for the intended purpose, there may be an obligation to provide warnings. In the instant case, neither the pleadings nor the moving or responding papers identify with specificity what language would have constituted an adequate warning;[3] the plaintiff's brief in opposition to the motion for summary judgment asserted that the plaintiff's subrogors should have been warned "that a fire hazard would be created if glass doors not designed for use with the particular Heatilator fireplace were installed." I agree with the majority that if such a warning were required, the concession by

---

[1] Prosser & Keeton, Torts (5th ed), § 53, p 356. The Court of Appeals spoke of a "duty to warn," *Michigan Mutual Ins Co v Heatilator Fireplace,* 126 Mich App 837; 338 NW2d 238 (1983). A legal "duty" refers to whether the relationship between the defendant and the plaintiff gives rise to some obligation on the defendant's part for the benefit of the plaintiff. See *Moning v Alfono,* 400 Mich 425, 436-439; 254 NW2d 759 (1977); Prosser & Keeton, *supra,* p 356. The relationship between a product manufacturer and a person affected by the use of the product gives rise to legal obligations on the part of the manufacturer. See *Moning v Alfono, supra,* p 439.

[2] *Piercefield v Remington Arms Co, Inc,* 375 Mich 85; 133 NW2d 129 (1965).

[3] In addition to the content of a warning, a separate issue—not before the Court at this time—is *how* such a warning should have been provided.

one of the subrogors that he knew that he should not cover the air vents on the fireplace might not obviate the obligation to provide a warning or eliminate the causal relationship between the failure adequately to warn and the property damage that occurred.

I also agree that under the circumstances that the Heatilator fireplace is a manufactured product —as compared to a fireplace constructed "brick-by-brick"—with an inner metal fire chamber, a second and larger outer metal shell, and air vents that lead to a space designed to keep the outer shell sufficiently cool, the product cannot properly be characterized as a "simple tool."

There *might,* therefore, be a question for the trier of fact whether the manufacturers had an obligation to provide warnings as part of their obligation to avoid negligence and assure that the product was reasonably fit for its intended purpose. Assuming such an obligation, the trier of fact would be called upon to decide whether the failure adequately to warn caused the damage that occurred.

The summary judgment and the Court of Appeals affirmance *assume,* without deciding, that the manufacturers' duty to the plaintiff's subrogors included an obligation to provide the warning the plaintiff asserts should have been provided. On remand, it is for the trier of fact—or, indeed, the judge ruling as a matter of law if reasonable minds could not differ—to decide if there was such an obligation under the circumstances presented.