VISCOGLIOSI v MONTGOMERY ELEVATOR COMPANY

Docket No. 164344. Submitted September 15, 1994, at Detroit. Decided September 30, 1994; approved for publication December 27, 1994, at 9:05 A.M.

Anna T. Viscogliosi brought an action in the Wayne Circuit Court against Montgomery Elevator Company and others, seeking damages for personal injury sustained while she was on a moving walkway. The court, Roland L. Olzark, J., granted summary disposition for the defendants. The plaintiff appealed.

The Court of Appeals *held:*

The trial court did not err in determining that there was no duty to warn with respect to the walkway because reasonable minds could not disagree that the walkway, a simple tool, did not place users in obvious danger if used as intended.

Affirmed.

*Dib & Fagan, P.C.* (by *Michael J. Littleworth*), for Anna T. Viscogliosi.

*James R. Fletcher,* for Montgomery Elevator Company.

*Paskin, Nagi & Baxter, P.C.* (by *Mona-Lisa T. Cichosz*), for Northwest Airlines, Inc.

Before: SAWYER, P.J., and FITZGERALD and T. S. EVELAND,* JJ.

PER CURIAM. Plaintiff appeals as of right from the trial court order that granted summary disposition to defendants and dismissed plaintiff's claim for damages for personal injury. We affirm.

The condition that allegedly caused plaintiff's injury was the fact that the moving walkway at

* Circuit judge, sitting on the Court of Appeals by assignment.

Detroit Metropolitan Airport eventually came to an end. That one had to step off at the end of the moving walkway should have been obvious to a reasonable person and was, in fact, known to plaintiff. *Glittenberg v Doughboy Recreational Industries (On Rehearing),* 441 Mich 379, 396; 491 NW2d 208 (1992); *Novotney v Burger King Corp (On Remand),* 198 Mich App 470; 499 NW2d 379 (1993). We agree with the trial court that reasonable minds could not disagree that the walkway, if used as intended, did not place users in obvious danger. Consequently, the walkway was a simple tool, and so there was no duty to warn. See *Raines v Colt Industries, Inc,* 757 F Supp 819, 825 (ED Mich, 1991).

Plaintiff's claim that the walkway was a mechanically complicated machine is unpersuasive because only one of the two *Raines* tests needs to be met in order to qualify the product as a simple tool. Here, the record indicates that the walkway did not place users in obviously dangerous positions. Furthermore, case law involving complicated machinery focuses on the way the product is used rather than on its underlying mechanical parts. See *Adams v Perry Furniture Co (On Remand),* 198 Mich App 1, 12; 497 NW2d 514 (1993); *Coger v Mackinaw Products Co,* 48 Mich App 113, 121-122; 210 NW2d 124 (1973); *Byrnes v Economic Machinery Co,* 41 Mich App 192, 198; 200 NW2d 104 (1972). Because reasonable minds could not differ that a walkway is very easy to use, there was no duty to warn.

The trial court properly dismissed plaintiff's complaint for failure to state a claim and because there was no genuine issue of material fact concerning the existence of a duty to warn. MCR 2.116(C)(8) and (10).

Affirmed.