HOREN v COLECO INDUSTRIES, INC

Docket No. 101110. Submitted March 10, 1988, at Lansing. Decided July 5, 1988. Leave to appeal applied for.

William Horen suffered a fractured neck when he dove into his parents-in-laws' above-ground swimming pool. The water in the pool was between four and five feet in depth and Horen dove from a flat deck surrounding the pool. As a result of his injury, Horen became a permanent quadriplegic. Horen and his wife, Pamela Horen, filed a products liability action against Coleco Industries, Inc., the manufacturer of the pool, and others in Saginaw Circuit Court claiming that the defendants had a duty to warn of the dangers of diving into the pool and breached that duty. Coleco and others moved for summary disposition on the ground that plaintiffs had failed to state a cause of action upon which relief could be granted. The court, Joseph R. McDonald, J., granted summary disposition in favor of those defendants apparently on the ground that there was no genuine issue of material fact that diving headfirst into an above-ground pool was an open and obvious danger for which there was no duty to warn. Plaintiffs appealed.

The Court of Appeals *held:*

1. The trial court incorrectly granted summary disposition in favor of the defendants. It is not impossible for plaintiffs' claim that defendants had a duty to warn of the dangers of diving into the pool to be supported by the evidence at trial.

2. The trial court applied the wrong test in determining whether defendants had a duty to warn of the dangers of diving into the pool. The court ruled that there is no duty to warn of a patent and obvious danger inherent in a simple tool or product. The proper test to apply is whether the risks involved in using the product are unreasonable in light of the foreseeable injuries. Where, as here, injury was reasonably foreseeable, the manufacturer's use of reasonable care in guarding against unreasonable or foreseeable risks is a jury question,

REFERENCES

Am Jur 2d, Summary Judgment §§ 26 *et seq.*

Am Jur 2d, Products Liability §§ 284 *et seq.,* 324 *et seq.,* 734, 937

Products liability: Swimming pools and accessories. 6 ALR4th 492.

even where the danger is obvious. Plaintiffs' evidence was sufficient to preclude summary disposition against the proffered defense.

Reversed.

1. MOTIONS AND ORDERS — SUMMARY DISPOSITION — ISSUES OF MATE-RIAL FACT.

A motion for summary disposition based on the ground that there is no genuine issue of fact requires the court to review the entire record including affidavits, depositions and interrogatories and, giving the benefit of any reasonable doubt to the opposing party, before granting the motion the court must be satisfied that it is impossible for the claim asserted to be supported by evidence at trial (MCR 2.116[C][10]).

2. NEGLIGENCE — STANDARD OF CARE — JURY QUESTION.

The specific standard of care to be applied in a negligence action is for the jury to decide.

3. PRODUCTS LIABILITY — REASONABLE CARE — JURY QUESTION.

A manufacturer's use of reasonable care in guarding against unreasonable or foreseeable risks is a jury question in a products liability action, even where the danger of using the product is obvious.

4. PRODUCTS LIABILITY — DUTY TO WARN.

The fact that an individual may be conscious of a vague danger in using a product does not preclude a jury from finding that a warning by the manufacturer is nonetheless required to give full appreciation of life threatening risks involved in the use of the product.

*Trogan & Trogan, P.C.* (by *Bruce F. Trogan*), for plaintiffs.

*Zamplas, Paskin, Nagi, Baxter, Johnson & Walker, P.C.* (by *Jeannette A. Paskin* and *Paul J. Johnson*), for Coleco Industries, Inc.

*Irwin F. Hauffe, II,* for Bridgeport Pools, Inc.

Before: WEAVER, P.J., and SHEPHERD and F. D. BROUILLETTE,* JJ.

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

WEAVER, P.J. Plaintiffs appeal as of right from a circuit court order which granted summary disposition in favor of defendants. We reverse.

I

On July 3, 1981, while visiting the home of his parents-in-law, Mr. and Mrs. Ralph Cox, thirty-three-year-old William Horen began swimming in the Coxes' above-ground outdoor swimming pool which had been manufactured in 1978 by defendant Coleco Industries, Inc. The pool, measuring twenty-four feet in diameter, contained a water depth of between four and five feet and was surrounded by side walls to which a large, manufacturer-supplied deck had been attached. After observing others jumping and diving into the pool, Mr. Horen executed one "normal" flat, shallow dive with no difficulty. However, when Mr. Horen attempted a second such dive from a standing position on the manufacturer-supplied deck, his hands, head, or torso apparently became tilted in such a way as to act as a rudder when he entered the water, and he struck his head on the bottom of the pool. As a result, Mr. Horen suffered a fractured neck and became a permanent quadriplegic.

The pool contained only one small, faded and peeling warning label affixed at the base of a corner of the chain-link wall adjoining the deck, which read: "No Diving. Shallow Water." However, Mr. Horen testified that he saw no warning labels or signs in or around the pool to indicate that there should be no diving. He also testified that he was a recreational swimmer of limited swimming and diving experience and that he had never received any diving instruction.

Upon motion for summary disposition brought by defendants Coleco Industries, Inc., Lomart In-

dustries and Bridgeport Pools, Inc., the trial court granted summary disposition in favor of the moving-party defendants. Plaintiffs appeal as of right.

II

First we note that defendants moved for summary disposition pursuant to MCR 2.116(C)(8) on grounds of failure to state a claim upon which relief can be granted. However, defendants actually argued the motion pursuant to MCR 2.116(C)(10), since they alleged there was no genuine issue of material fact that diving headfirst into an above-ground pool was an open and obvious danger for which there was no duty to warn. Further, a review of the trial court's findings indicates that the judge looked beyond the pleadings, to which he would have been limited had the motion been decided under MCR 2.116(C)(8). See *Harrison Twp v Calisi,* 121 Mich App 777, 781-782; 329 NW2d 488 (1982). We therefore review the order of summary disposition as one entered pursuant to MCR 2.116(C)(10). *Huff v Ford Motor Co,* 127 Mich App 287, 293; 338 NW2d 387 (1983).

In deciding whether to grant or deny the motion for summary disposition brought under MCR 2.116(C)(10), the trial court was required to view the matter in a light most favorable to the nonmoving party, giving that party the benefit of reasonable doubt to find any facts in support of its assertion that an issue of fact existed. *Id.* Before granting summary disposition, the trial court was to be satisfied that it would be impossible for the claim asserted to be supported by the evidence at trial. *Id.* Because in the instant case we do not believe it impossible for plaintiffs' claim to be supported by the evidence at trial, we find that the trial court incorrectly granted summary disposition in favor of defendants.

III

On appeal, plaintiffs argue that the trial court applied the wrong test. We agree. Defendants argued, and the trial court accepted, the test enunciated in *Fisher v Johnson Milk Co, Inc,* 383 Mich 158; 174 NW2d 752 (1970)—namely, that there is no duty to warn of a patent and obvious danger inherent in a simple tool or product. *Id.* at 160. See also *Coger v Mackinaw Products Co,* 48 Mich App 113, 122; 210 NW2d 124 (1973). The moving-party defendants utilized this test to assert that, since the above-ground swimming pool was a simple product in which openly and obviously inhered a risk of serious injury from diving, summary disposition was proper because there was no duty to warn.

However, the "open and obvious risk" test does not adequately state the law in Michigan, since this test was subsequently modified by that set out in *Owens v Allis-Chalmers Corp,* 414 Mich 413; 326 NW2d 372 (1982). *Owens* opined that a manufacturer is not automatically excused from responsibility merely by showing that the risks inhering in a simple tool or product are open and obvious. *Id.* at 424-425. Although such a determination may be utilized as one factor among others to conclude that the manufacturer has no duty to warn because the product is not unreasonably dangerous, the new test is whether the risks are unreasonable in light of the foreseeable injuries. *Id.* at 425. See also *Francisco v Manson, Jackson & Kane, Inc,* 145 Mich App 255, 262; 377 NW2d 313 (1985), lv den 424 Mich 872 (1986); SJI2d 25.31 and Comment.

Defendants' reliance upon *Hensley v Muskin Corp,* 65 Mich App 662; 238 NW2d 362 (1975), lv

den 395 Mich 776 (1975),[1] is unpersuasive because *Hensley* adopted the *Fisher* test which was altered by *Owens*. *Hensley* is also unpersuasive on its facts, since in *Hensley* the plaintiff dove from a seven-foot-high garage into a four-foot-deep aboveground swimming pool. We do not believe that plunging from a seven-foot-high garage is the equivalent of attempting a flat, shallow dive from a standing position on a manufacturer-supplied deck, like the one in this case, attached to the pool itself.

The question of duty is generally one of law for the court. *Moning v Alfono,* 400 Mich 425, 436-437; 254 NW2d 759 (1977), reh den 401 Mich 951 (1977), supplemental order 402 Mich 958 (1978). In this case, however, defendants' argument that they had no duty to warn of the diving danger really relates to the applicable specific standard of care—a question for the jury—instead of the existence of a legal duty. *Id.* at 437-438; *Francisco, supra* at 262. Where, as here, injury was reasonably foreseeable, the manufacturer's use of reasonable care in guarding against unreasonable or foreseeable risks is a jury question, even where the danger is obvious. *Id.; Casey v Gifford Wood Co,* 61 Mich App 208, 214-215; 232 NW2d 360 (1975), lv den 395 Mich 810 (1975).

Plaintiffs' evidence, from which a jury might find the manufacturer's product to have posed an unreasonable and foreseeable danger that death or paraplegia could result from diving into the water, was sufficient to preclude summary disposition against the proffered defense. *Corbin v Coleco Industries, Inc,* 748 F2d 411, 417 (CA 7, 1984). The

---

[1] In *Hensley,* the Court held that there existed no duty on the part of the manufacturer, seller, or owner of a four-foot-deep above-ground swimiming pool to warn the plaintiff not to dive from a seven-foot-high garage into the pool, because such diving was an "obviously dangerous use of an otherwise nondangerous product." *Id.* at 663.

record indicates: (1) that the manufacturer published promotional advertisements showing people diving into similar above-ground pools; (2) that the manufacturer knew that many people did not appreciate the risks of death or paraplegia associated with diving; (3) that defendants sold this type of above-ground pool primarily to recreational, untrained divers, with knowledge that an untrained diver might not be able to make a safe dive into it although a trained diver could; (4) that defendants admitted it to be foreseeable that users of the pool might employ the manufacturer-supplied deck as a diving platform; (5) that defendants' expert witness admitted that the public was generally unaware of the risk of catastrophic injury associated with diving into such pools; and (6) that, although defendants officially recognized the diving danger around 1969, they did not provide the type of warning signs recommended by the American National Standards Institute until 1983, when they sold the division, for fear of a negative impact on sales.

In light of the foregoing, we believe that an ordinary recreational swimmer of limited swimming and diving experience, with no diving training, might believe that a flat, shallow dive could be performed without threat of death or paraplegia, especially when the swimmer was not presented with a hazard sign sufficient to warn of such danger and when other swimmers were observed executing similar dives without harm. Even should the evidence establish Mr. Horen's consciousness of a vague danger, this would not preclude a jury from finding that a warning was nonetheless required to give full appreciation of the life-threatening risks involved. See *Michigan Mutual Ins Co v Heatilator Fireplace*, 422 Mich 148, 154; 366 NW2d 202 (1985).

Giving the benefit of reasonable doubt to plaintiffs as the nonmoving parties, it cannot be said that there existed no genuine issue of material fact for trial. *Huff, supra.* Hence it was error for the trial court to grant summary disposition in favor of defendants.

Reversed.