GLITTENBURG v WILCENSKI

Docket No. 98313. Submitted February 10, 1988, at Lansing. Decided
    January 17, 1989. Leave to appeal applied for.

David Glittenburg was injured when he dove into the water at
    the shallow end of a swimming pool located in the backyard of
    the home owned by Robert and Dianne Wilcenski. The swim-
    ming pool had been manufactured by Doughboy Recreational
    Industries and had been purchased by the Wilcenskis' predeces-
    sor in title, Fred Bancroft, from Hilson Pool Company, which
    had installed the pool. David and Connie Glittenburg brought
    in Jackson Circuit Court an action for damages, alleging negli-
    gence, specifically failure to warn, and breach of various war-
    ranties, naming the Wilcenskis, Bancroft, Doughboy and Hilson
    as defendants. The Wilcenskis moved for summary disposition
    on the bases that they had no duty to warn of the obvious
    danger and that the recreational land use statute precluded
    liability. Doughboy moved for summary disposition on the basis
    that it had no duty to warn. The trial court, Gordon W.
    Britten, J., denied summary disposition to the Wilcenskis on
    the basis of a lack of a duty to warn, but granted summary
    disposition on the basis of the recreational land use statute and
    granted summary disposition to Doughboy. Plaintiffs appealed.
    The Wilcenskis cross-appealed.

The Court of Appeals held:

1. The danger associated with diving into the shallow end of
    a swimming pool is not so obvious as to relieve the manufac-
    turer of a swimming pool of the duty to warn of that danger.
    Defendant manufacturer's allegation that it had provided warn-
    ings goes not to the legal question of whether it had a duty to
    warn but rather to the question of fact as to whether it had
    made an adequate warning, a question for the trier of fact.
    Accordingly, summary disposition should not have been
    granted in favor of defendant manufacturer.

2. To the the extent that defendant owners were aware of the

REFERENCES

Am Jur 2d, Premises Liability §§ 37, 75, 270; Products Liability
    §§ 324 et seq., 734.
Products liability: swimming pools and accessories. 6 ALR4th 492.

danger, they had a duty to warn others invited upon their property of that danger. Accordingly, summary disposition on the basis of failure to warn was properly denied.

3. The recreational land use statute was not intended to apply to urban, suburban or subdivided lands. Accordingly, that statute does not relieve defendant owners of liability, and summary disposition on that basis should not have been granted.

Affirmed in part, reversed in part and remanded.

1. NEGLIGENCE — DUTY TO WARN — SWIMMING POOLS — ADEQUACY OF WARNINGS.

The danger of serious injury from diving into the shallow end of a swimming pool is not so obvious that there exists no duty by the manufacturer of the pool to warn of that danger; the adequacy of warnings by a swimming pool manufacturer is a question of fact for the trier of fact.

2. NEGLIGENCE — DUTY TO WARN — SWIMMING POOLS — LICENSEES.

A homeowner having a swimming pool has a duty to licensees to follow the instructions provided by the manufacturer of the pool with respect to warning users of the pool of the danger of diving into the shallow end of the pool; the pool owner, however, is not charged with the same expertise and knowledge that are imposed upon the manufacturer.

3. NEGLIGENCE — RECREATIONAL LAND USE ACT.

The recreational land use act is intended to apply to large tracts of undeveloped land suitable for recreational uses, not to urban, suburban, and subdivided lands (MCL 300.201; MSA 13.1485).

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw*), for plaintiffs.

*Best, Schmucker, Heyns & Klaeren, P.C.* (by *Chad C. Schmucker*), for defendants Wilcenski.

*Kerr, Russell & Weber* (by *Robert R. Florka* and *Lisa A. Lane*), for Doughboy Recreational Industries.

Before: MAHER, P.J., and SHEPHERD and K. TERT-ZAG,* JJ.

SHEPHERD, J. Plaintiffs appeal the circuit court's order granting defendant Doughboy Recreational Industries' summary judgment motion pursuant to GCR 1963, 117.2(1) on the basis of no duty to warn. Plaintiffs unsuccessfully moved for rehearing. Plaintiffs also appeal the circuit court's January 22, 1987, order granting defendants Wilcenski's summary disposition motion pursuant to MCR 2.116(C)(8) and (10) on the basis that the recreational land use statute, MCL 300.201; MSA 13.1485, barred plaintiffs' negligence claim. The Wilcenskis cross-appealed the circuit court's order denying their summary judgment motion pursuant to GCR 1963, 117.2(1) and (3). The Wilcenskis claimed that they had no duty to warn of an open and obvious danger.

On September 4, 1978, plaintiff David Glittenburg was seriously and permanently injured when he dove off the edge at the shallow end of a residential swimming pool into approximately three and one-half feet of water. The pool was located in the backyard of a home owned by plaintiffs' friends, defendants Robert and Dianne Wilcenski. The Wilcenskis had purchased their home, including the swimming pool, from Fred Bancroft, on December 27, 1977. Bancroft had purchased the pool in 1973 from Hilson Pool Company, which had installed it in his backyard. Defendant Doughboy Recreational Industries was the manufacturer of the pool. On January 15, 1981, plaintiffs sued defendants Bancroft, the Wilcenskis, Hilson and Doughboy, alleging negligence,

* Circuit judge, sitting on the Court of Appeals by assignment.

specifically failure to warn, and breach of various warranties.

Bancroft was dismissed pursuant to his motion for summary judgment on June 2, 1981. Plaintiffs appealed and this Court affirmed on the grounds that Bancroft did not have possession or control of the swimming pool at the time of the accident. *Glittenburg v Bancroft,* unpublished opinion per curiam of the Court of Appeals, decided July 27, 1982 (Docket No. 58254).

At his deposition, plaintiff testified that he had been in the pool at least twice before. He knew which end was the shallow end and that it was approximately three feet deep at that end. He acknowledged that he did not need depth markers to remind him of the water's depth. Plaintiff testified that he had taken swimming and diving instructions in high school, including a life saving class. He testified that he knew serious injury could result from diving into shallow water.

The Wilcenskis' motion for summary judgment on the basis that they had no duty to warn was denied. They appeal. Doughboy's motion for summary judgment under GCR 1963, 117.2(1), failure to state a claim, was granted, the court holding that Doughboy had no duty to warn plaintiff of the open and obvious danger. The Wilcenskis' motion for summary judgment on the basis of the recreational land use act was granted. Plaintiffs appeal.

In this case we are confronted with the rather narrow question of whether, in the context of this case, defendant Doughboy or defendant homeowners had a duty to warn plaintiff. Although defendant Doughboy argued that the danger in this case was open and obvious and that therefore there was no duty to warn plaintiff, we disagree with this test. This Court in *Horen v Coleco Industries, Inc,*

169 Mich App 725, 729; 426 NW2d 794 (1988), has recently held:

> On appeal, plaintiffs argue that the trial court applied the wrong test. We agree. Defendants argued, and the trial court accepted, the test enunciated in *Fisher v Johnson Milk Co, Inc,* 383 Mich 158; 174 NW2d 752 (1970)—namely, that there is no duty to warn of a patent and obvious danger inherent in a simple tool or product. *Id.* at 160. See also *Coger v Macinaw Products Co,* 48 Mich App 112, 122; 210 NW2d 124 (1973). The moving-party defendants utilized this test to assert that, since the above-ground swimming pool was a simple product in which openly and obviously inhered a risk of serious injury from diving, summary disposition was proper because there was no duty to warn.
>
> However, the "open and obvious risk" test does not adequately state the law in Michigan, since this test was subsequently modified by that set out in *Owens v Allis-Chalmers Corp,* 414 Mich 413; 326 NW2d 372 (1982). *Owens* opined that a manufacturer is not automatically excused from responsibility merely by showing that the risks inhering in a simple tool or product are open and obvious. *Id.* at 424-425. Although such determination may be utilized as one factor among others to conclude that the manufacturer has no duty to warn because the product is not unreasonably dangerous, the new test is whether the risks are unreasonable in light of the foreseeable injuries. *Id.* at 425. See also *Francisco v Manson, Inc,* 145 Mich App 255, 262; 377 NW2d 313 (1985), lv den 424 Mich 872 (1986); SJI2d 25.31 and Comment.

We have conducted a thorough review of swimming pool injury cases in other jurisdictions. Generally the courts have been unwilling to impose a duty to warn on the manufacturer or have concluded that, because of a plaintiff's swimming experience and knowledge of diving procedures,

the absence of a warning was not a proximate cause of plaintiff's injury. See *Colosimo v May Dep't Store Co,* 466 F2d 1234 (CA 3, 1972); *Belling v Haugh's Pools, Ltd,* 126 AD2d 958; 511 NYS2d 732 (1987); *Smith v Stark,* 67 NY2d 693; 490 NE2d 841 (1986); accord, *Boltax v Joy Day Camp,* 67 NY2d 617; 490 NE2d 527 (1986); see also *Vallillo v Musken Corp,* 212 NJ Super 155; 514 A2d 528 (1986); *McCormick v Custom Pools, Inc,* 376 NW2d 471 (Minn App 1985); *Benjamin v Deffet Rentals, Inc,* 66 Ohio St 2d 86; 419 NE2d 883 (1981). But see *Jonathan v Kvaal,* 403 NW2d 256 (Minn App, 1987). To the opposite effect is *Corbin v Coleco Industries, Inc,* 748 F2d 411 (CA 7, 1984). In that case the seventh circuit held that there was sufficient evidence on the record to conclude that the danger of serious spinal injury from diving into shallow water was not open and obvious and, therefore, the evidence was sufficient to avoid summary judgment. However, even that case placed importance on the evidence suggesting that plaintiff was not an experienced and knowledgeable swimmer.

We do not believe the risk is open and obvious. We believe the risk of serious injury, in this case paraplegia, is not obvious in the absence of some form of warning. A simple act of pleasure on a hot summer's day, a dive into a pool, can result in a lifetime of heartache, frustration, pain and loss. Nothing in the appearance of the pool itself gives a warning of the very serious consequences to which a mundane dive can lead. Nor are we convinced that the danger of serious injury from a dive is a risk of which the public is generally aware.

It is represented to us that warning labels and instructions did in fact accompany the pool but were not placed on the pool by the prior owner or

by the present owners, defendants Wilcenski. That fact, whether warning labels accompanied the pool instructions, goes to the defendant Doughboy's standard of care. The questions are whether the labels should have been placed on the pool in the manufacturing process and whether Doughboy sufficiently complied with its duty when it placed warning labels in the owner's instructional manual which comes with the pool. We are not faced with a standard of care issue in the present appeal. However, if warning labels did in fact accompany the pool and were in the owner's manual and the present homeowners read the manual and did not place the labels on the pool, defendant homeowners may have breached their duty to warn. Again, we are not faced with that factual issue. We wish to emphasize that we are not deciding that the duty to warn of the homeowner is identical to that of the manufacturer. The homeowners had a duty to plaintiffs, who were licensees, to follow the instructions of the manufacturer, but they are not charged with the same expertise and knowledge that are imposed upon the maker of the pool. It is for this reason that the motion for summary judgment filed by the Wilcenskis was properly denied. See *Bradford v Feeback,* 149 Mich App 67; 385 NW2d 729 (1986), where we held that a landowner has a duty to warn licensees of known dangers. In the instant case, if the Wilcenskis knew that the manufacturer instructed the owner of the pool to affix a label and if the Wilcenskis failed to do so, they would have failed to warn of a known danger.

Much was made in the briefs and at the motion hearing below of plaintiff David Glittenburg's admission as to his swimming and diving experience and knowledge. This testimony, however, goes to the issue of proximate causation and comparative

negligence, not defendants' duty to warn for purposes of a motion under GCR 1963, 117.2(1).

Defendants Wilcenski's summary disposition motion, based on the assertion that plaintiff's claim was barred by the recreational land use statute, MCL 300.201; MSA 13.1485, was granted. In interpreting the statute the trial court specifically adopted the "plain meaning rule" in reading the recreational land use act. In so ruling the trial court questioned the viability of *Wymer v Holmes,* 144 Mich App 192; 375 NW2d 384 (1985). The Supreme Court has recently rejected the "plain meaning rule" in the context of the act. *Wymer v Holmes,* 429 Mich 66; 412 NW2d 213 (1987). The Supreme Court held that the Legislature did not intend for the statute to apply to urban, suburban or subdivided lands, but only large tracts of undeveloped land suitable for outdoor recreational use. The instant case involves a backyard pool at an ordinary residence. We therefore reverse summary disposition in favor of the Wilcenskis on the basis of the land use statute. We remand the case for further proceedings consistent with this opinion.

In summary, we hold that, under the facts of this case, the swimming pool was not a simple tool whose danger was open and obvious. Defendant Doughboy therefore had a duty to warn of that danger. The fact that warning labels accompanied the pool does not conclusively establish defendant Doughboy's compliance with its legal duty; that involves an inquiry into the applicable standard of care—a question of fact for the jury to decide. Likewise, Glittenburg's admissions regarding his swimming experience and knowledge do not pertain to the duty question but rather concern the questions of proximate causation and comparative negligence—also questions for the jury. With regard to defendants Wilcenski, we hold that the

Wilcenskis owed a duty to warn plaintiffs if the Wilcenskis knew that the manufacturer instructed the owner of the pool to affix a label and they failed to do so. For this reason, the Wilcenskis' motion for summary judgment was properly denied. Finally, we hold that the recreational land use act does not apply to the case at bar.

Affirmed in part, reversed in part and remanded. We do not retain jurisdiction.