SPAULDING v LESCO INTERNATIONAL CORPORATION

Docket No. 99524. Submitted December 12, 1989, at Detroit. Decided
February 6, 1990. Leave to appeal applied for.

Allan and Jane Spaulding brought an action in the Wayne
Circuit Court against defendants, Lesco International Corpora-
tion, Coleco Industries, Incorporated, and others, seeking dam-
ages for injuries sustained by Allan Spaulding when he dove
from a platform on top of a swimming pool ladder into an
above-ground swimming pool which was four feet deep and
twenty-four feet in diameter. The trial court, John H. Hausner,
J., granted motions for summary disposition by defendants
Lesco International Corporation, Coleco Industries, Incorpo-
rated, Sears Roebuck and Company, Ernest and Thomas Pie-
tila, and S. K. Plastics Corporation. Plaintiffs appealed.

The Court of Appeals *held:*

1. Sears was properly dismissed from the suit given the trial
court's conclusions that the Sears instruction guide at issue was
limited to information regarding installation of a pool and
Sears had no duty to warn of the alleged dangers of another
manufacturer's product.

2. The circuit court properly applied the open and obvious
risk test in this action. Here, the pool was a simple product and
the dangers of making a deep dive were obvious. A manufac-
turer has no duty to warn of obvious and patent dangers when
a simple product is involved.

3. The trial court properly found that the failure to warn in
this case was not the proximate cause of Allan Spaulding's
injuries.

4. The trial court properly concluded from the evidence that
Allan Spaulding made a deep dive into the pool when he was
injured.

5. Coleco Industries, Incorporated, was properly dismissed
from the suit upon the trial court's finding of no failure to
warn.

Affirmed.

REFERENCES
Am Jur 2d, Products Liability §§ 342, 734.
Products liability: swimming pools and accessories. 6 ALR4th 492.

PRODUCTS LIABILITY — OBVIOUS DANGERS — DUTY TO WARN — SIMPLE
   PRODUCTS.

> A manufacturer or seller of a simple product has no duty to warn
> of open and obvious dangers involved in its use; there is no
> duty to warn of an obviously dangerous use of an otherwise
> nondangerous simple product.

*Goodman, Lister, Seikaly & Peters, P.C.* (by
*Richard M. Goodman, Jonathan L. Walker,* and
*Thomas W. Stephens*), for plaintiffs.

*Ulanoff, Ross & Wesley, P.C.* (by *Stuart A. Ula-
noff* and *Hilde Farmer-Brooks*), for Lesco Interna-
tional Corporation.

*Plunkett & Cooney, P.C.* (by *Ernest R. Bazzana*
and *Dwight G. Conger*), for Ernest and Thomas
Pietila.

*Zamplas, Paskin, Nagi, Baxter, Johnson &
Walker, P.C.* (by *Jeannette A. Paskin, R. John
Anderson,* and *Paul J. Johnson*), for Coleco Indus-
tries, Inc., Doughboy Recreational, Inc., and Hof-
finger Industries, Inc.

*Dykema Gossett* (by *Gregory M. Kopacz* and
*Suzanne Sahakian*), for Sears Roebuck and Com-
pany.

*Garan, Lucow, Miller, Seward, Cooper & Becker,
P.C.* (by *Milton Lucow* and *Rosalind Rochkind*), for
S. K. Plastics Corporation.

Before: GRIFFIN, P.J., and GILLIS and SAWYER,
JJ.

PER CURIAM. Plaintiffs appeal as of right from
the circuit court's order granting summary disposi-
tion to appellees. MCR 2.116(C)(10). We affirm.

Allan Spaulding (hereinafter plaintiff), who was

six feet tall and weighed approximately 215 pounds, did a deep dive into a four-foot-deep aboveground pool from the platform on top of the pool's ladder. Plaintiff broke his neck and is now a quadriplegic. Plaintiff was thirty-six years old at the time of the accident.

On August 5, 1982, plaintiff's family was visiting the home of the pool's owners, the Henwoods. After dinner, at approximately 7:00 P.M., plaintiff volunteered to go into the pool with the Henwoods' two children and his child. The pool was round and twenty-four feet in diameter. Mr. Henwood had sloped the bottom of the pool so that it was six inches deeper in the center than it was on the sides. Consequently, the water was approximately 3½ to 4 feet deep. Plaintiff made several successful dives and was aware that the water reached somewhere to his chest area. Plaintiff may have been in the pool on a previous occasion. Plaintiff was a swimmer and knew how to make a racing (shallow) dive. Plaintiff knew the dangers of diving into shallow water, including the possibility of breaking his neck. After twenty minutes in the pool, plaintiff made his ill-fated dive.

The Henwoods purchased the pool used and did not receive any instructions with it from its previous owner. The pool was manufactured by Oceanic Leisure Corporation or Lesco International Corporation. The Henwoods purchased a new pool liner for the pool from Ernest and Thomas Pietila, doing business as Pietila Brothers Pool Service & Speciality Company. The liner was manufactured by S. K. Plastics Corporation. The Henwoods also purchased a used ladder for the pool because the ladder that came with the pool became worn. The used ladder was manufactured by Coleco Industries, Incorporated. The ladder had steps leading to a 17- by 18½-inch platform and steps leading into

the water. The purpose of the platform was to provide a place for users to safely turn around and descend into or climb out of the pool. The platform was a few inches above the lip of the pool.

The Henwoods installed the pool themselves, using in part a Sears, Roebuck and Company manual entitled: "Above-Ground Swimming Pools Do-It-Yourself Guidebook." The manual contained instructions on installing an above-ground pool. Mr. Henwood obtained the manual from Sears apparently free of charge.

Plaintiffs, Allan and Jane Spaulding, sued, claiming that Lesco had a duty to properly manufacture the pool and to warn plaintiff of the dangers of diving into shallow water. Plaintiffs claimed that S. K. Plastics had a duty to properly manufacture the pool liner and to warn plaintiff of the dangers of diving in shallow water by marking the depth of the pool or by posted warning labels. We note that the warranty provided by S. K. Plastics with the pool liner stated:

> IMPORTANT . . . FOR YOUR HEALTH & SAFETY . . . PLEASE NOTE . . .
>
> THIS SWIMMING POOL DOES NOT HAVE SUFFICIENT DEPTH FOR DIVING. DO NOT DIVE, DO NOT ALLOW OTHERS TO DIVE INTO THIS SWIMMING POOL. DIVING IS DANGEROUS.

Plaintiffs also claimed that Coleco had a duty to properly manufacture the ladder and to warn plaintiff against the dangers of diving in shallow water by posted warnings. We note that Coleco's ladder, as manufactured, allegedly contained warnings against diving, but these warnings were missing when plaintiff's injury occurred. Consequently, plaintiffs also claimed that the warnings allegedly given were insufficiently affixed to the

ladder. Finally, plaintiffs claimed that Sears had a duty to warn plaintiff of the dangers of shallow diving in its installation manual.

Sears moved for summary disposition claiming that its installation manual was limited in its scope to installation rather than use, that it had no duty to warn of the dangers of another's product, that it had no duty to warn of open and obvious dangers, and that the failure to warn was not the proximate cause of plaintiff's injuries.

S. K. Plastics, Pietila Brothers and Coleco also moved for summary disposition on the ground that there was no duty to warn of an open and obvious danger.

Lesco also moved for summary disposition on that basis, but additionally argued that successor liability for the actions of Oceanic was improper.

The circuit court ruled that Sears' manual was limited to installation and that Sears had no duty to warn individuals of defects contained in another manufacturer's product. The circuit court also ruled that Sears had no duty to warn plaintiff of an open and obvious danger, relying on *Hensley v The Muskin Corp,* 65 Mich App 662; 238 NW2d 362 (1975), lv den 395 Mich 776 (1975). The circuit court also ruled that Coleco had no duty to warn of an open and obvious danger. Likewise, the circuit court ruled that Lesco had no duty to warn of an open and obvious danger; however, the circuit court declined to grant summary disposition on the successor liability issue, finding that Lesco's president failed to appear for a continued deposition. The circuit court also granted summary disposition to S. K. Plastics and Pietila Brothers, finding that they had no duty to warn plaintiff of an open and obvious danger and, in any event, if there was a duty to warn, the breach of that duty

was not a proximate cause of plaintiff's injuries because plaintiff knew the depth of the pool.

Plaintiffs appeal as of right, claiming that the danger was not open and obvious and that that test was improperly applied by the circuit court.

We begin by noting that we believe that Sears was properly dismissed from this suit given the circuit court's conclusions that Sears' guide was limited to installation and that Sears had no duty to warn of the alleged dangers of another's product. Given these rulings, we believe that any further discussion by the circuit court was gratuitous. Because plaintiffs have not appealed the circuit court's ruling on these bases, we hold that Sears was properly dismissed from this suit.

We now turn to plaintiffs' claim that the circuit court improperly applied the open and obvious risk test.

In *Hensley,* the plaintiff dove off a seven-foot garage into a four-foot-deep swimming pool. The plaintiff was twenty-eight years old and had some swimming experience. The plaintiff also knew the depth of the pool, having helped assemble it. This Court held that neither the manufacturer nor the seller had any duty to warn the plaintiff of an obviously dangerous use of an otherwise nondangerous product. *Hensley* relied on our Supreme Court's decision in *Fisher v Johnson Milk Co, Inc,* 383 Mich 158; 174 NW2d 752 (1970).

In *Fisher,* the plaintiff was injured when he dropped a wire milk carrier and cut his hand on the bottles which broke. The plaintiff sued, claiming that the defendant's carrier was defective and that the defendant should have warned him of the danger of carrying the bottles in the carrier on an icy day. Our Supreme Court held that there was no duty to warn or protect against dangers obvious to all.

After the circuit court's decision in the instant case, this Court decided *Horen v Coleco Industries, Inc,* 169 Mich App 725; 426 NW2d 794 (1988), app dis 431 Mich 913 (1988). The plaintiff in *Horen* became a quadriplegic when he dived into a pool similar to the one in this case from a manufacturer-supplied deck. The thirty-three-year-old plaintiff, who had some swimming and diving experience, had previously executed a shallow dive without problem, but then made his ill-fated dive. The pool had a warning label affixed at the base of the corner of the chain-link fence adjoining the pool which read: "No Diving. Shallow Water." The plaintiff did not see the sign. The circuit court granted summary disposition in favor of the defendants, finding that there was no duty to warn of a patent and obvious danger inherent in a simple tool or product.

This Court reversed, holding that the open and obvious risk test did not adequately state the law because that test was subsequently modified by our Supreme Court's decision in *Owens v Allis-Chalmers Corp,* 414 Mich 413; 326 NW2d 372 (1982). This Court held that while the risks inhering in a simple tool or product may be open and obvious, the manufacturer may still have a duty to warn because the risks are unreasonable in light of the foreseeable injuries. *Horen, supra,* p 729. This Court then held that there was evidence from which a jury could conclude that the manufacturer's product posed an unreasonable and foreseeable danger that death or paraplegia could result. *Id.,* p 730. Moreover, this Court held at p 731:

[W]e believe that an ordinary recreational swimmer of limited swimming and diving experience, with no diving training, might believe that a flat, shallow dive could be performed without threat of

death or paraplegia, especially when the swimmer was not presented with a hazard sign sufficient to warn of such danger and when other swimmers were observed executing similar dives without harm. Even should the evidence establish Mr. Horen's consciousness of a vague danger, this would not preclude a jury from finding that a warning was nonetheless required to give full appreciation of the life-threatening risks involved. See *Michigan Mutual Ins Co v Heatilator Fireplace,* 422 Mich 148, 154; 366 NW2d 202 (1985).

In *Owens, supra,* the plaintiff's husband was killed in a forklift, which the plaintiff claimed was defective. Noting *Fisher,* our Supreme Court held at p 425:

> Our Court of Appeals has essentially limited the language in our decision in *Fisher* by the fact that *Fisher* involved a simple product or tool. We believe that such a limitation is proper. Obvious risks may be unreasonable risks, and there is no justification for departing from general negligence and breach of implied warranty principles merely because the dangers are patent.
>
> This is not to say that the obviousness of the danger is irrelevant. As in *Fisher,* the obviousness of the risks that inhere in some simple tools or products is a factor contributing to the conclusion that such products are not unreasonably dangerous. The test, however, is not whether the risks are obvious, but whether the risks were unreasonable in light of the foreseeable injuries. [Citations omitted.]

In *Michigan Mutual Ins Co, supra,* the property of the plaintiff's insured was damaged when he placed a glass door on the defendant's zero-clearance fireplace, causing its outer steel shell to ignite the adjacent combustible material. Our Supreme Court held that this Court improperly ap-

plied the simple tool analysis to the defendant's product because it was not a simple tool and because the danger of fire was not obvious. Moreover, our Supreme Court held at p 154:

> Even if it is arguable that Mr. Geiger's [the plaintiff's insured] testimony establishes consciousness on his part of a vague danger, it would not preclude a jury from finding that a warning was nonetheless required to give him a full appreciation of the seriousness of the life-threatening risks involved.

We note that another panel of this Court followed *Horen* in *Glittenburg v Wilcenski,* 174 Mich App 321; 435 NW2d 480 (1989), lv gtd 433 Mich 878 (1989). In *Glittenburg,* the plaintiff dived into 3½ feet of water, suffering permanent injuries. This Court also held that the risk of serious injury was not open and obvious in the absence of some form of warning.

Having reviewed *Owens* and *Michigan Mutual Ins Co,* we believe that a manufacturer still has no duty to warn of obvious and patent dangers when a simple product is involved. We believe that the above-ground pool in this case was a simple product and that the dangers of making a deep dive into the pool were obvious. Moreover, we agree with the circuit court's conclusion that the failure to warn in this case was not the proximate cause of plaintiff's injuries. Plaintiff knew how deep the water was, how tall he was, and the dangers of making a deep dive into shallow water, including the possibility of breaking his neck.

Plaintiffs also claim that the circuit court improperly concluded that plaintiff made a deep dive. In his deposition, plaintiff stated that he could not remember how he dove, but later stated that he would not have made a racing (shallow) dive.

Defendants-appellees' experts testified that, given his injuries, plaintiff made a steep dive. Mr. Henwood testified that plaintiff told him that he came straight down into the water. The circuit court believed that plaintiff should be bound by this admission. We agree.

Finally, plaintiffs claim that the circuit court improperly dismissed their amended complaint because their claims that defendants-appellees' products were defective remained. Plaintiffs point to their expert's testimony that the Coleco ladder was defectively designed because it was too big and, thereby, provided plaintiff with an invitation to dive. At the hearing on the motion for summary disposition, Coleco contended that it was entitled to dismissal because plaintiffs' claim consisted of an allegation of a failure to warn. Plaintiffs did not dispute Coleco's assertion and the circuit court dismissed the case, finding no failure to warn. Under these circumstances, we find no error.

Affirmed.