**Timothy NEFF, Plaintiff,**

v.

**COLECO INDUSTRIES, INC.,
Defendant.**

**Civ. A. No. 88–2347–V.**

United States District Court,
D. Kansas.

March 7, 1991.

Kevin E.J. Regan, Yonke, Arnold & Newbold, Kansas City, Mo., Ron Gilbert, Detroit, Mich., Philip F. Cardarella, Kansas City, Mo., for plaintiff.

Barry E. Warren, Wallace, Saunders, Austin, Brown & Enochs, Overland Park, Kan., for defendant.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

Plaintiff Timothy Neff brings this product liability action against defendant Coleco Industries, Inc., for injuries he sustained when he dived head first into a swimming pool manufactured by defendant. The case now comes before the court on defendant's motion for summary judgment (Doc. 96) pursuant to Fed.R.Civ.P. 56(b).[1] Plaintiff has responded (Doc. 111), opposes defendant's motion, and moves the court for partial summary judgment (Doc. 114) pursuant to Fed.R.Civ.P. 56(a). Defendant opposes plaintiff's motion (Doc. 148). For the reasons stated below, defendant's motion for summary judgment is granted and plaintiff's motion is denied.

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). One of the principal purposes of summary judgment is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The court's proper inquiry is "whether there is a need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact on its claim(s). This burden may be discharged by "show-

ing," that is, pointing out to the district court, that there is an absence of evidence to support the nonmoving party's case. *Celotex,* 477 U.S. at 325, 106 S.Ct. at 2553. Fed.R.Civ.P. 56, however, imposes no requirement on the moving party to "support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.* at 323, 106 S.Ct. at 2553 (emphasis in original). Once the moving party has properly supported its motion for summary judgment the burden shifts to the nonmoving party: "a party opposing ... may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court reviews the evidence on summary judgment under the substantive law and based on the evidentiary burden that the party will face at trial on the particular claim. *Id.* at 254, 106 S.Ct. at 2513.

In its motion for summary judgment defendant has set forth a statement of material facts which it offers as uncontroverted. Defendant claims that these facts demonstrate that it is entitled to judgment as a matter of law. In his opposition to defendant's motion, plaintiff does not controvert any of defendant's asserted uncontroverted facts. Instead, plaintiff states that defendant's asserted facts are insufficient to show that defendant is entitled to judgment as a matter of law. Additionally, to contest defendant's motion and to support his own motion, plaintiff offers a number of supplemental facts which he asserts are uncontroverted. For the purposes of summary judgment, the following facts are deemed admitted, D.Kan. Rule 206(c), or are otherwise uncontroverted.

On July 5, 1986, the date of the accident in question, plaintiff was twenty-five years of age, stood six feet, two inches tall, and

---

1. Also pending is defendant's motion for partial dismissal (Doc. 94) pursuant to Fed.R.Civ.P. 12(b)(6). Because defendant's motion for sum-

mary judgment is dispositive of the case, we consider the motion to dismiss to have been subsumed in that motion.

weighed approximately one hundred seventy-five pounds. On that date, plaintiff attended a post-Fourth of July party hosted by David and Shirley Clark, friends of his parents. The Clarks owned an above-the-ground Seabright swimming pool which had been designed, manufactured, marketed and distributed by defendant. The swimming pool was twenty-four feet in diameter and approximately four feet deep. The pool was not equipped with "No Diving" signs or warnings.

At his deposition, plaintiff testified that prior to July 5, 1986, he had had some swimming and diving experience. He testified that he had been in his sister's above-the-ground pool which was similar to the Clarks' pool. He also testified that prior to the time of the party he had been in the Clarks' pool on at least three occasions. He testified that he was aware of the depth of the pool and knew where the water-line reached his person—about mid-chest—when he stood on the bottom of the pool. Plaintiff also stated that because the pool had a blue liner he could see the bottom of the pool from the deck which abutted the pool.

Plaintiff testified that on one of the occasions when he was in the Clarks' pool prior to July 5, 1986, the Clarks' fourteen year old son, Davey, taught plaintiff to frog-dive, that is, dive head first from a squatting position. Plaintiff stated that when he frog-dived he never touched the bottom of the pool. Sometime after this, plaintiff learned to dive head first from a standing position. He further testified that, prior to the accident, when he had dived in this manner he had never touched the bottom of the pool. He further stated that he was unaware of the risks associated with diving head first into shallow water, including the risk of spinal cord injury.

On the date of the accident, plaintiff swam in the Clarks' pool for about an hour before dinner. He dived head first from a standing position a couple times, but never touched the bottom. After dinner, plaintiff returned to the pool. He watched Davey Clark dive head first through an inner tube that floated four to six feet from the edge

of the deck. Plaintiff attempted to do the same. While executing this dive, plaintiff's head struck the bottom of the pool. Plaintiff is now a quadriplegic.

On June 30, 1988, plaintiff filed the present product liability action. In this case, plaintiff claims that defendant breached the duty of ordinary care by failing to equip the swimming pool with "No Diving" signs or warnings. Plaintiff claims that defendant's breach of the duty to warn was the proximate cause of his injuries. Plaintiff also claims that defendant's failure to warn made the swimming pool "unreasonably dangerous" or "defective" under the theory of strict liability in tort.

Kansas follows the general rule regarding a manufacturer's duty to warn found in the Restatement (Second) of Torts § 388 (1963), which provides:

> One who supplies directly or through a third person a chattel for another to use is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other or to be endangered by its probable use, for physical harm caused by the use of the chattel in the manner for which and by a person for whose use it is supplied, if the supplier:
>
> (a) knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, and
>
> (b) has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and
>
> (c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous.

*See Long v. Deere & Company,* 238 Kan. 766, 772–73, 715 P.2d 1023 (1986).

The duty of a manufacturer to warn other than the buyer of a product is determined from balancing several factors. Restatement § 388, comment n; *see Johnston v. United States,* 568 F.Supp. 351, 359 (D.Kan.1983); *also Mays v. Ciba–Geigy Corp.,* 233 Kan. 38, 60–61, 661 P.2d 348 (1983). The relevant factors to be balanced are: (1) the probability of danger; (2) the

magnitude of the danger; and (3) the burden on the manufacturer. *Johnston*, 568 F.Supp. at 359; *King v. G.G.C., Inc.*, No. 86–6009, 1988 WL 192873 (D.Kan., *unpublished*, Oct. 4, 1988).

■ A failure to warn may be negligence under Restatement § 388 or may render the product unreasonably dangerous or defective under Restatement § 402A (strict liability in tort). *Jones v. Hittle Service, Inc.*, 219 Kan. 627, 635, 549 P.2d 1383 (1976); *Sell v. Bertsch & Co.*, 577 F.Supp. 1393, 1397 (D.Kan.1984). Under either theory, the duty to warn is one of ordinary care. *Mays*, 233 Kan. at 57, 661 P.2d 348 (*quoting Russell v. G.A.F. Corp.*, 422 A.2d 989 (D.C.1980); *Sell*, 577 F.Supp. at 1397.

As with most rules, the rule requiring a manufacturer to warn is not without exceptions. *See, e.g., Long*, 238 Kan. at 773, 715 P.2d 1023 (no duty to warn of dangers that are *actually known* to the user of the product). In the Kansas Products Liability Act, K.S.A. 60–3301 *et seq.*, the Kansas legislature codified several exceptions to the manufacturer's duty to warn. The relevant statute, K.S.A. 60–3305, provides:

> In any product liability claim any duty on the part of the manufacturer or seller of the product to warn or protect against a danger or hazard which could or did arise in the use or misuse of such product, and any duty to have properly instructed in the use of such product shall not extend: (a) To warnings, protecting against or instructing with regard to those safeguards, precautions and actions which a reasonable user or consumer of the product, with the training, experience, education and any special knowledge the user or consumer did, should or was required to possess, could and should have taken for such user or consumer or others, under all the facts and circumstances;
>
> (b) to situations where the safeguards, precautions and actions would or should have been taken by a reasonable user or consumer of the product similarly situated exercising reasonable care, caution and procedure; or

> (c) to warnings, protecting against or instructing with regard to dangers, hazards or risks which are patent, open or obvious and which should have been realized by a reasonable user or consumer of the product.

In its motion for summary judgment defendant contends that under Kansas law it had no duty to warn plaintiff because the risks of injury were "patent, open and obvious" and should have been realized by plaintiff, as a reasonable user of the product. K.S.A. 60–3305(c). Defendant also contends that, even if it had a duty to warn, its failure to warn was not the proximate cause of plaintiff's injuries. Defendant further argues that its failure to warn did not render the pool unreasonably dangerous or defective.

■ There are no Kansas cases factually on all fours with the present case which would absolutely support or refute either party's position. However, we note that the overwhelming majority of jurisdictions that have confronted cases similar to this have been unwilling to impose a duty to warn on the manufacturer of the pool or have concluded that, because of a plaintiff's swimming and diving experience the absence of a warning was not the proximate cause of plaintiff's injury. *See Kelsey v. Muskin, Inc.*, 848 F.2d 39 (2d Cir. 1988), *cert. denied*, 488 U.S. 1030, 109 S.Ct. 838, 102 L.Ed.2d 971 (1989) (failure to warn was not proximate cause of accident); *Caraballo v. United States*, 830 F.2d 19 (2d Cir.1987) (failure to warn was not proximate cause of accident); *Colosimo v. May Dept. Store Co.*, 466 F.2d 1234 (3d Cir. 1972) (error in judgment was proximate cause of plaintiff's injuries); *Winant v. Carefree Pools*, 709 F.Supp. 57 (E.D.N.Y.), *aff'd*, 891 F.2d 278 (2d Cir.1989) (no duty to warn of obvious risk); *Glittenberg v. Doughboy Recreational Industries, Inc.*, 436 Mich. 673, 462 N.W.2d 348 (1990) (no duty to warn of open and obvious dangers in simple product); *Spaulding v. Lesco International Corp.*, 182 Mich.App. 285, 451 N.W.2d 603 (1990) (no duty to warn of obvious and patent dangers of making deep dive into shallow pool); *Amatulli v. Delhi Construction Corp.*, 156 A.D.2d 500, 548

N.Y.S.2d 774 (1989) (no duty to warn of obvious dangers of diving into pool since a cursory visual inspection revealed depth of water); *Belling v. Haugh's Pools, Ltd.*, 126 A.D.2d 958, 511 N.Y.S.2d 732 (1987) (risk was open and obvious and failure to warn was not proximate cause of plaintiff's injuries); *Vallillo v. Muskin Corp.*, 212 N.J. Super. 155, 514 A.2d 528 (1986) (failure to warn was not the proximate cause of injuries); *but cf. Corbin v. Coleco Industries, Inc.*, 748 F.2d 411 (7th Cir.1984) (summary judgment in favor of defendant reversed on grounds that risk of spinal injury from diving into shallow water was not open and obvious because plaintiff was inexperienced swimmer and because many people believe that there is a safe way to execute such dives); *Griebler v. Doughboy Recreational, Inc.*, 152 Wis.2d 622, 449 N.W.2d 61 (App.1989) (question of fact as to whether danger was open and obvious precluded entry of summary judgment).

In the present case, it is uncontroverted that plaintiff was familiar with the Clarks' pool. He knew that the pool was only four feet deep. The potential consequences of diving head first into water of that depth should be readily apparent to a reasonable man. We believe that the risk of propelling a six foot, two inch frame head first into shallow water is patent, open and obvious and should be readily apparent to a reasonable user of the swimming pool. Consequently, we conclude that defendant owed plaintiff no duty to warn him of the open and obvious risk of diving head first into the shallow swimming pool. K.S.A. 60–3305(c). Plaintiff is entitled to judgment as a matter of law.

Additionally, if we concluded that defendant had a duty to warn plaintiff of the risks involved, we would conclude, as a matter of law, that defendant's failure to warn in this instance was not the proximate cause of plaintiff's injuries.

The proximate cause of an injury is that cause which in natural and continuous sequence, unbroken by any efficient intervening cause, produces the injury and without which the injury would not have occurred, the injury being the natural and probable consequence of the wrongful act. *State Farm Mut. Auto Ins. Co. v. Cromwell*, 187 Kan. 573, Syl. ¶ 4, 358 P.2d 761 (1961). Ordinarily, the proximate cause of an injury is a question for the finder of fact. However, where all the evidence is undisputed and susceptible of only one inference, proximate cause becomes a question of law for the court. *See Olson v. U.S. Industries, Inc.*, 649 F.Supp. 1511, 1519 (D.Kan.1986). We conclude that the undisputed facts of this case are so clearly established that they may be susceptible of only one inference. The issue of causation in this case is thus a question of law to be decided by the court. *See Schenck v. Thompson*, 201 Kan. 608, 443 P.2d 298 (1968).

In this case it is not disputed that at the time of the accident, plaintiff was a twenty-five year old adult who had some swimming and diving experience. He had previously been in his sister's above-the-ground swimming pool, which was similar to the Clarks' pool. He had been in the Clarks' above-the-ground pool on at least three occasions prior to his accident. He knew the depth of the water in the Clarks' pool to be four feet. He knew that the water-line reached mid-chest when he stood on the bottom of the pool. The bottom of the pool was observable from the deck. Under these circumstances, we conclude that it was not defendant's failure to warn that caused plaintiff's injury. The proximate cause of plaintiff's injury was his own act—which was, unhappily, so harmful to him—of diving head first into water that was observably shallow.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant's motion for summary judgment (Doc. 96) is granted. The motion to dismiss (Doc. 94) is also granted. The case is dismissed.

IT IS FURTHER ORDERED that plaintiff's motion for partial summary judgment (Doc. 114) is denied.

IT IS SO ORDERED.