Dawn BONDIE, Individually and as next friend of Nicholas Bondie and Amanda Bondie, Plaintiff–Appellant/Cross–Appellee,

v.

BIC CORPORATION, Defendant–Appellee/Cross–Appellant.

Nos. 90-216390–2168.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 26, 1991.

Decided Nov. 1, 1991.

Philip Vestevich (briefed) and William J. Lamping (argued and briefed), Vestevich, Mallender, DuBois & Dritsas, Bloomfield Hills, Mich., for plaintiff-appellant cross-appellee.

Robert D. Brignall (briefed) and Thomas M. Peters (argued), Vandeveer, Garzia, Tonkin, Kerr, Heaphy, Moore & Sills, Detroit, Mich., for defendant-appellee cross-appellant.

James P. Delaney, Office of the Atty. Gen. of Michigan, Detroit, Mich., for intervenor.

Before MARTIN and JONES, Circuit Judges, and BROWN, Senior Circuit Judge.

BAILEY BROWN, Senior Circuit Judge.

In this diversity action for damages for personal injuries sustained in a house fire, Dawn Bondie, individually and as next friend of her children, Nicholas and Amanda Bondie, appeals from a judgment in favor of Bic Corporation ("Bic") and from an order denying her motion for a new trial. Asserting that it has no duty under Michigan law to make its cigarette lighters child resistant, Bic cross-appeals from the district court's denial of its motions to dismiss for failure to state a claim upon which relief can be granted and for summary judgment. We need not decide the point of

Michigan law that underlies Bic's cross-appeal because when the case was submitted to the jury, it found that the fire was not caused by a Bic lighter. The verdict is not defective because the district court did not commit error during the trial proceedings nor in failing to grant a new trial. We, therefore, AFFIRM the district court's judgment in favor of Bic.

## I.

While on a business trip, Matthew Bondie purchased a cigarette lighter from a bin of unwrapped lighters. The day after he returned home to Michigan, his three-year-old daughter, Amanda, started a fire in the attic bedroom she shared with sixteen-month-old Nicholas. Nicholas sustained second- and third-degree burns over much of his body. Dawn Bondie, the children's mother, and Amanda received less severe burns. Five members of the household were cigarette smokers, and matches and several disposable lighters were kept in the house.

Having contained the fire, firefighters threw most of the smoldering debris from the attic bedroom into the yard. Neither the firefighters nor any member of the Bondie household found a cigarette lighter in the rubble. Approximately one month later, after the clearing of snow that had covered the rubble, the Bondies hired a staff of private investigators to conduct another search. The investigators found a Bic lighter fused to a piece of carpeting from the attic bedroom. Bondie alleges that the lighter found in the rubble was the lighter Matthew Bondie purchased on his business trip. She also alleges that Amanda removed the lighter from her father's clothing and started the fire.

Basing her claim on negligence, breach of implied warranty, strict liability in tort, and reckless and wanton misconduct, Bondie filed suit against Bic. On the ground that it has no duty to warn consumers of nor to protect them from the risks of a simple tool whose dangers are open and obvious, Bic moved for dismissal and for summary judgment as to all claims. The district court denied Bic's motions to the extent that it held that, under Michigan law, Bic has a duty to design child-resistant lighters. *Bondie v. Bic*, 739 F.Supp. 346, 350 (E.D.Mich.1990). The jury, finding that Bondie had not sustained her burden of proving that a Bic lighter was the source of the fire, returned a verdict in favor of Bic.

Pointing to a number of alleged errors during the proceedings, Bondie now appeals the judgment and the denial of her motion for a new trial. Among the claims of error are the district court's admission into evidence of a hospital social worker's report, a ruling that cut off a line of questioning during Bondie's recross examination of the social worker, and the district court's dismissal of a juror on the second day of deliberations. As stated, we need not decide Bic's cross-appeal from the denial of its motions to dismiss or for summary judgment.[1]

## II.

### A

Bondie first argues that she is entitled to a new trial because the district court admitted into evidence the report of a medical

---

1. Bic relies on two cases rendered by district courts sitting in Michigan, *Kirk v. Hanes Corp.*, 771 F.Supp. 856 (E.D. Michigan 1991), and *Raines v. Colt Industries*, 757 F.Supp. 819 (E.D.Mich.1991). The law in Michigan, however, is unsettled regarding the duties of manufacturers who market simple tools. The Michigan Supreme Court has recently granted an appeal in *Spaulding v. Lesco International Corp.*, 182 Mich.App. 285, 451 N.W.2d 603 (1990), *reh'g granted*, 182 Mich.App. 285, 464 N.W.2d 710 (1991), to resolve the conflict among the Michigan courts regarding proper application of the "open and obvious" doctrine in product liability

cases. The court ordered that *Spaulding*, a case in which the defendant was found to have "no duty to warn of obvious and patent dangers when a simple product is involved," *id.*, be argued and submitted together with *Glittenberg v. Doughboy Recreational Industries*, 436 Mich. 673, 462 N.W.2d 348, 359 (1990) (plurality opinion) and *Horen v. Coleco Industries*, 169 Mich. App. 725, 426 N.W.2d 794, 796 (1988). The supreme court has not yet rendered an opinion on the consolidated appeal. Inasmuch as the jury verdict in the instant case was not defective, it is unnecessary to the resolution of this

social worker concerning statements recorded immediately after interviews with Dawn and Amanda Bondie.[2] As a basis for her testimony about the cause of the fire, the social worker used her report to refresh her memory. Later, after voir dire, the report was introduced into evidence as a business record. Bondie asserts that admission of the report, which contained statements by Bondie, could be properly based on neither the recorded-recollection nor the business-record exception to the hearsay rule.

■ Bondie's contention that reversal is in order because of erroneous admission of the social worker's report is without merit. After asking preliminary questions regarding the social worker's contact with the Bondies during their hospitalization, Bic's counsel asked the social worker to explain what Dawn Bondie told her about the source of the fire. The witness asked if she could refer to the notes she took on the day in question. When the court asked whether looking at the notes would refresh her memory, the witness responded affirmatively and was allowed to review her report while on the stand. Although the social worker later indicated that she did not have an independent recollection of exactly what she was told, she did testify that the document reflected the facts as stated to her during the interviews with Dawn and Amanda. Under Federal Rule of Evidence 803(5), the court properly allowed the social worker to testify after using the report to refresh her memory. *See United States v. Faulkner*, 538 F.2d 724, 727 (6th Cir.), *cert. denied*, 429 U.S. 1023, 97 S.Ct. 640, 50 L.Ed.2d 624 (1976).

■ Because the report was not offered by Bondie, however, Rule 803(5) does not provide an avenue for admission of the report itself. It was admissible, nevertheless, by virtue of the combined effect of Federal Rules of Evidence 801(d)(2)(A) and 803(6). Rule 801(d)(2)(A) provides that a

party's own statement offered against the party is, by definition, not hearsay. Contrary to one contention by Bondie, when a statement is the party opponent's own statement, there is no requirement that the party opponent "adopt" the statement.[3] In addition, the contested report is properly considered within the business-record exception to the hearsay rule inasmuch as it was made in the scope of the social worker's employment and writing such reports was part of the social worker's "regularly conducted activity." Fed.R.Evid. 803(6). Under our decision in *Redken Laboratories v. Levin*, 843 F.2d 226, 229 (6th Cir.), *cert. denied*, 488 U.S. 852, 109 S.Ct. 137, 102 L.Ed.2d 110 (1988), a report must satisfy only four requirements to be excepted from the hearsay rule:

(1) it must have been kept in the regular course of a regularly conducted business activity; (2) it must have been kept in the regular course of that business; (3) the regular practice of that business must have been to have made the memorandum; and (4) the memorandum must have been made by a person with knowledge of the transaction or from information transmitted by a person with knowledge.

A review of the record reveals that the social worker's report meets each of these requirements. Unlike some state rules of evidence, Federal Rule of Evidence 803(6) does not require that the declarant have a duty to supply the information recorded in such reports. The district court carefully considered the hearsay issue and did not err in admitting the report. Admission of the report, therefore, does not warrant reversal.

**B**

■ Bondie next claims that the district court erred when, during recross examination of the social worker, it found as argu-

---

dispute for us to rule on this matter of Michigan law.

2. The report contains the statement, "[T]hree-year-old girl admitted for burns after a house fire she accidentally started with matches."

3. Bondie's contention appears to refer to a requirement under Rule 801(d)(2)(B), which pro-

vides that "a statement of which [a] party has manifested an adoption or belief in its truth" is not hearsay if it is offered against the party. Bondie's contention, however, ignores part (A) of Rule 801(d)(2).

mentative counsel's question, "[B]ecause you're not a smoker, is it possible [Dawn Bondie] said 'lighter' and you wrote 'matches' because it didn't matter to you?" We believe that the district court was correct in its ruling. Even if the district judge erred by preventing the witness from answering this question, however, the record fails to reveal that the adverse ruling affected Bondie's substantial rights. Any error was, therefore, harmless. *See* Fed. R.Civ.P. 61.

### C

■ Bondie next argues that the district court exceeded its authority when, in spite of the parties' original stipulation to an eight-member unanimous jury, it dismissed a juror who, after repeated warnings about tardiness, was late for the third time. Bondie contends that this dismissal during the second day of deliberations infringed upon her right to a fair, impartial, and representative jury.

It is clear from the record that, although he indicated a preference to wait longer for the absent juror, Bondie's counsel tentatively agreed to the dismissal because the remaining jurors had become frustrated and angry about the repeated tardiness of the eighth juror. The juror was approximately forty-five minutes late on the day in question, and the bailiff had, as indicated, informed the court that the jurors were disgruntled about having to delay their deliberations. After the juror finally arrived, and without conducting a hearing to determine whether the juror should serve, the judge called the jury to the jury box and explained its decision to excuse the tardy juror.

When necessary to preserve the integrity of the judicial process, the court has discretion to dismiss a juror. Although it may have been preferable for the district court to have held a conference in chambers with counsel to determine the propriety of the dismissal, it was not an abuse of discretion for the court to dismiss the juror without doing so. The parties stipulated to a unanimous jury of eight, but the law requires only six. *Colgrove v. Battin*, 413 U.S. 149,

159–60 & n. 16, 93 S.Ct. 2448, 2454, n. 16, 37 L.Ed.2d 522 (1973). In this case, seven jurors were available to render the verdict. The trial court had to balance the consequences of having a disgruntled jury against the consequences of not enforcing the parties' original agreement. The court's solution was not an abuse of discretion.

### D

■ Asserting that the verdict was against the weight of the evidence, Bondie challenges the district court's denial of her motion for a new trial. To rule on the motion, the district court was required to "compare the opposing proofs, weigh the evidence, and set aside the verdict if it was of the opinion that the verdict [was] against the clear weight of the evidence" and was not one that "could reasonably have been reached." *J.C. Wyckoff & Associates. v. Standard Fire Ins. Co.*, 936 F.2d 1474, 1487 (6th Cir.1991). A verdict is not unreasonable merely because the finder of fact could have reached a different conclusion. *Id.* We review the district court's determination for abuse of discretion. *Davis v. Jellico Community Hosp., Inc.*, 912 F.2d 129, 132–33 (6th Cir.1990).

■ The record before this court reveals that the district court compared and weighed the proof presented by each party. In view of the fact that neither party produced overwhelming evidence to support its position, the verdict was not against the clear weight of the evidence. Moreover, Bondie had the burden of proving that a Bic lighter was the source of the fire, and the jury reasonably could have drawn its conclusion that she failed to carry that burden. The district court did not abuse its discretion by failing to grant Bondie a new trial on the ground that the verdict was against the weight of the evidence.

After careful consideration, we find that the additional claims of error are without merit.

Accordingly, we AFFIRM the district court's judgment entered on a jury verdict

in favor of Bic and AFFIRM the denial of the motion for a new trial.

